NORTHEASTERN REAL ESTATE SECURITIES CORPORATION, Appellant, *v.* EDGAR B. GOLDSTEIN, Respondent.

Argued September 29, 1937; decided November 23, 1937.

*David Haar* for appellant. The pendency of the bankruptcy proceeding does not oust the State court of its power to hear and determine a case of which it has general jurisdiction. (*Connell* v. *Walker*, 291 U. S. 1; *Hill* v. *Harding*, 107 U. S. 631; *Boynton* v. *Ball*, 121 U. S. 457; *Hahlo* v. *Cole*, 112 App. Div. 636; *Matter of Newman*, 17 Fed. Rep. [2d] 584; *Matter of Basch*, 97 Fed. Rep. 761; *Simpson* v. *Tootle*, 42 Okla. 265; *Friedman* v. *Zweifler*, 74 Misc. Rep. 448; *Matter of Rosenstein*, 276 Fed. Rep. 704; *Roth* v. *Pechin*, 260 Penn. St. 450.)

*Alexander L. Strouse* and *Edwin P. Gordon* for respondent. The jurisdiction of the Federal court was exclusive at the time when the plaintiff sought to institute the action in the State court. (*Matter of Basch*, 97 Fed. Rep. 761; *Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U. S. 300; *Matter of Southern Pharmaceutical Co.*, 286 Fed. Rep. 148; *United States Fid. Co.* v. *Bray*, 225 U. S. 205; *Matter of New York, New Haven & Hartford R. R. Co.*, 17 Fed. Supp. 489; *Isaacs* v. *Hobbs Tie & T. Co.*, 282 U. S. 734; *Straton* v. *New*, 283 U. S. 318; *Matter of Heim Milk Product Co.*, 183 Fed. Rep. 787; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Oswego & Syracuse R. R. Co.* v. *State*, 226 N. Y. 351.)

CRANE, Ch. J. The sole question presented for determination is whether the Supreme Court of this State has jurisdiction of an action brought upon a bond for $20,000, when the action was instituted subsequent to the filing of a petition in bankruptcy and an adjudication of bankruptcy.

On July 17, 1936, the defendant filed a voluntary petition in bankruptcy and was adjudicated a bankrupt.

In his schedules he listed the plaintiff as a creditor on a bond for $20,000, executed on October 30, 1930, by the terms of which the obligor had agreed to pay the sum of $750 on January 30, 1931, and a like amount quarter-annually thereafter. On August 17, 1936, defendant applied for his discharge, but objections were filed by this plaintiff on October 13th. The objections were referred to a referee and no determination has as yet been made.

The summons and complaint in this action were served on October 8, 1936. On October 24th an order was issued by the bankruptcy court staying and restraining the plaintiff and his attorney from prosecuting this action. Thereafter, on October 27th, the bankrupt served a notice of motion for an order dismissing the action on the ground that the court had not jurisdiction of the subject of the action. The court at Special Term ordered that the complaint be dismissed for lack of jurisdiction. The Appellate Division affirmed, without opinion.

The respondent draws a distinction between suits commenced prior to the adjudication in bankruptcy and suits instituted while bankruptcy proceedings are pending. As to the latter suits, he says the jurisdiction of the bankruptcy court is exclusive, and a State court acquires no jurisdiction of an action based upon a claim that is dischargeable in bankruptcy.

Section 11 (subd. a) of the Bankruptcy Act (U. S. Code, tit. 11, § 29) provides: " A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

In *Connell* v. *Walker* (291 U. S. 1) an action was brought against Connell to set aside, as in fraud of creditors, a conveyance of land located in North Dakota. The action was brought in the State court of North Dakota. Suit was begun by the attachment of the land, and while it was pending Connell set up by way of amended answer that within four months after the attachment he had filed a voluntary petition in bankruptcy which had resulted in an adjudication of bankruptcy. The court found that the conveyance was in fraud of creditors and directed that the land be sold and the proceeds applied to the satisfaction of the debt. The relief was restricted to a sale of the land by a provision that it should not be deemed to establish personal liability of any of the defendants. The petitioners in the United States Supreme Court argued that the attachment upon which the judgment was founded was a nullity because procured when the bankrupt was insolvent and within four months prior to the filing of the petition, and in any event the State court should have stayed the action until the termination of the bankruptcy proceedings. The court, in passing upon the latter point, said: " Bankruptcy proceedings do not, merely by virtue of their maintenance, terminate an action already pending in a non-bankruptcy court, to which the bankrupt is a party. *Pickens* v. *Roy*, 187 U. S. 177; *Jones* v. *Springer*, 226 U. S. 148; *Straton* v. *New, supra* [283 U. S. 318]. * * * We find it unnecessary to decide whether section 11 (a), 11 U. S. C. A. section 29 (a), authorizing a stay of certain suits pending against a bankrupt, lays down a rule for non-bankruptcy as well as bankruptcy courts, or whether it is applicable to suits like the present one or whether the bankrupt may invoke its provisions. For, if applicable here, the authority given by that section to stay pending suits after adjudication, which has taken place here, is not mandatory, but permissive, to be exercised in the sound discretion of the court " (p. 5).

This decision involved an action pending when the

petition in bankruptcy was filed; so also the cases of *Hill* v. *Harding* (107 U. S. 631); *Boynton* v. *Ball* (121 U. S. 457) and *Hahlo* v. *Cole* (112 App. Div. 636).

Where the action subsequently commenced in the State court is a possessory action, or relates to specific property of the bankrupt, it cannot be maintained. (*White* v, *Schloerb*, 178 U. S. 542; *Murphy* v. *John Hofman Co.*, 211 U. S. 562.)

" Where the property in dispute is in the actual possession of the court of bankruptcy there comes into play another principle, not peculiar to courts of bankruptcy but applicable to all courts, Federal or State. Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts." (*Murphy* v. *John Hofman Co.*, *supra*, p. 568.) This also applies where the property is in the constructive possession of the bankruptcy court. (*Matter of Friedlaender*, 233 Fed. Rep. 250.)

The action at bar is not a possessory action and does not relate to any particular property of the bankrupt. It is an action to establish the personal liability of the bankrupt. The bankruptcy court has not restrained the commencement of any action by the plaintiff, but has restrained the *prosecution* of the action.

Subdivision 15 of section 2 of the Bankruptcy Act (U. S. Code, tit. 11, § 11, subd. 15) empowers the court of bankruptcy to " make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title." It was held in the case of *Matter of Basch* (97 Fed. Rep. 761) that section 11, in connection with section 2, subdivision 15, necessarily includes suits on provable debts commenced after the petition was filed and while bankruptcy proceedings are pending, and such suits could be stayed by the court.

In the case of *Matter of Havens* (272 Fed. Rep. 975)

Judge HOUGH, writing for the Second Circuit Court of Appeals, said: " Under the Constitution bankruptcy is wholly a creature of statute, and under the present act of 1898 no authority can be found for staying suits by or against bankrupts, except section 11. This is true, notwithstanding that upon other and more general principles of law the bankruptcy court may stay suits, even in state courts, which interfere with the administration of the estate in charge of such bankruptcy court " (p. 976).

We said, in *American Woolen Co.* v. *Samuelsohn* (226 N. Y. 61): " The Bankruptcy Act of 1898, unlike that of 1867, does not contain a provision restraining a creditor from pursuing his claim against a bankrupt debtor until the question of his discharge has been determined. The commencement of the bankruptcy proceeding does not, therefore, stop or toll the running of the Statute of Limitations " (p. 69).

Where an action is commenced after adjudication which affects property actually or constructively in the possession of the trustee, the bankruptcy court has exclusive jurisdiction and a State court is without jurisdiction. But where the action is commenced against the bankrupt personally and does not affect his property, nor interfere with the property in the custody of the bankruptcy court, the State court is not ousted of jurisdiction, although the action may be stayed by the bankruptcy court pending the discharge of the bankrupt, as was done in this case.

The judgments should be reversed, with costs in all courts, and the motion to dismiss the complaint denied, with ten dollars costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.