**Don Curtis PHILLIPS, Appellant,**

v.

**GULF & SOUTH AMERICAN STEAMSHIP COMPANY, Inc., et al., Appellees.**

No. 13424.

Court of Civil Appeals of Texas.

Houston.

April 16, 1959.

Rehearing Denied May 7, 1959.

W. Jiles Roberts, Houston, for appellant.

Royston, Rayzor & Cook, Houston, Mayo J. Thompson and Donald F. McNiel, II, Houston, of counsel, for appellee Gulf & South American S.S. Co., Inc.

Eastham, Dale & Forney and J. P. Forney, Jr., Houston, for appellee Creole Line.

WOODRUFF, Justice.

Appellant, Don Curtis Phillips, a longshoreman, brought suit in the District Court of Harris County against appellees, Gulf & South American Steamship Company, Inc., and Creole Line, hereinafter referred to as Gulf and Creole, respectively, seeking a joint and several judgment for injuries to the lower part of his back sustained by him on two separate dates. He alleged that he first injured his back on January 14, 1957, while loading cargo aboard a ship operated by Creole as a result of negligence attributable to it and the unseaworthiness of its vessel. He further alleged that on August 1, 1957, while working aboard the S. S. Gulf Merchant, operated by Gulf, he sustained another injury to the lower part of his back which was occasioned by the negligence of Gulf and the unseaworthiness of that vessel. He also alleged that such injuries were so interrelated as to make it impossible to differentiate between the effects of each.

The appellee Gulf moved the Trial Court to sever the causes of action and, after considering the pleadings and the evidence offered in support thereof, the motion was granted and appellant was ordered to amend his pleadings so as to proceed against the two appellees in separate causes. Thereafter, appellant having refused to replead, the Trial Court, upon motion of both appellees, dismissed the action, and from this order appellant prosecuted his appeal.

Upon the hearing in the Trial Court, appellant's testimony was offered to establish the dates that his injuries occurred and the manner in which he was injured. In brief, he testified that he was injured first on January 14, 1957, while working aboard the ship operated by Creole and that he was injured the second time on August 1, 1957, while working aboard a ship operated by Gulf. He also testified that on

each occasion he was injured while handling the ship's cargo by slipping on dangerous substances which were on the dunnage upon which he was working. His testimony also showed that on the date of his first injury he went to Dr. Oliver at the Parkview Hospital who taped his back, and that he saw Dr. Oliver two or three times during the following week. He testified, too, that though his back was hurting him and hurting him "pretty bad" he continued to work as a longshoreman until the time he received his second injury on August 1, 1957. He also said that when he "got hurt" the second time "it bothered him" worse. After the second injury he did not work for about two and one-half to three months. He then went back to longshoreman's work and continued working until about the middle of May, 1958, when he had to quit because he could do only light work such as running a winch or "hooking up," and there wasn't enough of that work so that he could make a living. He then moved his family to a rural district in Arkansas, where he was residing at the time he gave his testimony.

Appellant predicates his appeal upon the sole Point that the Court erred in sustaining the motion to sever and in dismissing the action because the injury sued upon constituted in law an indivisible injury and therefore his suit is maintainable against both appellees in one action.

By counter-point appellee Creole asserts that the Trial Court has wide discretion to sever distinct causes of action and there was no abuse thereof in ordering the severance in this case and dismissing it upon appellant's refusal to amend. Appellee Gulf as its counter-point argues that not only was the order of severance a proper exercise of the Court's discretion but also the Court properly ordered two trials where the appellant as plaintiff had joined two separate and distinct causes of action against two separate defendants.

Appellant relies on the principle announced in Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731. The facts there showed that two defendants each owned and operated separate pipelines through which salt water was pumped, each defendant using only its own line. On the same day both lines broke and as a result of the negligence of each defendant a large quantity of salt water from both lines flowed into the plaintiff's lake, killing the fish therein and thereby damaging the plaintiff. In holding that both defendants were liable for the damages incurred by the plaintiff, and thereby departing from the earlier rule announced in Sun Oil Co. v. Robicheaux, Tex.Com.App., 23 S.W.2d 713, the Supreme Court said:

"Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one separately or against all in one suit." [151 Tex. 251, 248 S.W.2d 734.]

Appellant also places emphasis upon the following excerpt from the Court's opinion:

"In spite of the rule announced in the Robicheaux case our courts have long since sanctioned the imposition of joint and several liability in negligent collision cases where there was neither concert of action nor unity of design. Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W.2d 738, writ refused; Baylor University v. Bradshaw, Tex.Civ.App., 52 S.W.2d 1094, affirmed 126 Tex. 99, 84 S.W.2d 703. It may be that the Stone and Bradshaw cases can be distinguished on the facts from the instant case in that in each of those cases the negligence of the wrongdoers contributing to the injury was operating simultaneously,

while there is no allegation in the plaintiff's pleading here that the salt water escaping from the two pipe lines reached the lake at the same instant. Even so, the burden of proving the share contributed to the injury by each of the wrongdoers is just as onerous in this case as in those cases and we perceive no sound reason for permitting the imposition of joint and several liability in the one class of cases and denying it in the other."

Appellant also relies on the holding in the case of Kirby Lumber Corporation v. Walters, Tex.Civ.App., 277 S.W.2d 796, in which venue was sustained against two non-resident defendants in the county where the accident occurred. There it was shown that the accident which resulted in the plaintiff's damages was caused by an accumulation of mud on the highway which had been thrown from the wheels of a number of log trucks coming onto the highway from a dirt road, which included not only the defendants' trucks but other trucks as well.

He also cites Riley v. Industrial Finance Service Co., Tex.Sup., 302 S.W.2d 652, 655. The plaintiffs in that case had sued jointly 17 loan companies and 3 credit companies for usury, penalties, and actual damages to plaintiffs, both physical and mental, inflicted by the concerted action of all defendants in using unreasonable, harsh and oppressive collection efforts. They also sought exemplary damages. The Trial Court entered an order separating the defendants into four groups and ordered separate trials for each. The Supreme Court held that the Trial Court erred in entering the order because the evidence showed that the injuries suffered by plaintiffs were caused by the acts of all of the defendants in the manner in which they sought the collection of their debt; and it was impossible to separate the damages suffered by plaintiffs so as to properly allocate a part thereof to one or more of the defendants, saying: "The plaintiffs have suf-

fered an indivisible injury and damages flowing therefrom."

In so holding the Court stated the applicable rule as follows:

"Since the decision of this Court in Landers v. East Texas Salt Water Disposal Co., 1952, 151 Tex. 251, 248 S.W.2d 731, 734, where two or more wrongdoers join to produce an indivisible injury, all of the wrongdoers are jointly and severally liable to the person wronged for the entire damage suffered. The wrong person as plaintiff may sue one or more of the tort-feasors. If less than all tort-feasors are joined as defendants by plaintiff, then those joined may bring in the others. See also Baylor University v. Bradshaw, Tex.Civ.App., 52 S.W.2d 1094, 1100, affirmed 126 Tex. 99, 84 S.W.2d 703 and authorities therein cited; Austin Road Co. v. Pope, 1949, 147 Tex. 430, 216 S.W.2d 563.

"The rule of law in this state is that a plaintiff having been injured by the same set of circumstances sustains but one injury and may receive but one satisfaction for such injury, although more than one person may contribute to such injury. Hunt v. Ziegler, Tex. Civ.App.1925, 271 S.W. 936, 938(4, 5), affirmed Tex.Com.App., 280 S.W. 546; Bradshaw v. Baylor University, 1935, 126 Tex. 99, 84 S.W.2d 703."

The last case cited by appellants is Burns v. Lamb, Tex.Civ.App., 312 S.W.2d 730, error ref. n. r. e. which is so similar in its facts to those in the Landers case that though only one party was sued of the two whose acts caused damage to the plaintiff's land, it is clear that the holding in the Landers case was applicable.

In all of these cases it will be noted that though defendants acted independently of each other, they joined in creating the same set of circumstances which produced a single and indivisible injury to the

plaintiff which rendered it impossible to make an apportionment of the damages with reasonable certainty to the individual wrongdoers.

■ Appellant seeks to bring himself within the rule applied in these cases by contending that the separate injuries to his back sustained as the result of the separate acts of negligence by the separate defendants on separate occasions caused one indivisible injury. His contention that he is entitled to recover his full damages from both of these appellees jointly and severally is based upon the premise that he sustained an injury on each occasion to his lower back and as a result, he argues, his damages are indivisible. Though it is true that the separate acts of offending parties need not occur simultaneously, we believe that it must be shown that they joined together to produce one and the same injury. In this case it is indisputable by appellant's own testimony that he suffered an injury to his lower back on January 14, 1957, which resulted in a disability that continued until the time of his second injury. Certainly it must be conceded by appellant that for at least several months before August 1, 1957, his damages both past and future resulting from his first injury were subject to determination with reasonable certainty. For these damages he was entitled to seek a recovery against the appellee Creole alone. Moreover, his right to a recovery for those damages from Creole, conditioned upon proof of its liability, was not altered by the accident of August 1, 1957. Until that time no cause of action whatever existed against appellee Gulf. However, on that date appellant, while working on board a ship operated by Gulf, sustained another separate and distinct injury. It too was to his lower back. Appellee Creole was guilty of no act or omission which joined with any act or omission of Gulf to produce the injury of August 1, 1957.

We are unable to agree that appellant's damages sustained on August 1, 1957, were not subject to being proved with reasonable certainty. In this connection appellant testified that after the second injury he did not work for about two and one-half to three months; that when he was injured the second time his back bothered him worse; that when he went back to work he did light work; and that he finally had to quit because there was not enough of that work to make a living.

■ It is clear that if appellant establishes Gulf's liability for the second injury and it is shown that he was still suffering from the injury of January 14, 1957, when he was injured on August 1, 1957, his damages would not only encompass his diminished capacity to labor and earn money and his physical pain and mental suffering occasioned by that injury from the date of the second injury and in the future, which were proximately caused by Gulf's negligence on August 1, 1957, but also for any aggravation of his prior injury of January 14, 1957, which was proximately caused by Gulf's negligence on August 1, 1957. This latter element of damage is recognized by the authorities. Yellow Cab & Baggage Co. v. Green, 154 Tex. 330, 277 S.W.2d 92; Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 116 S.W.2d 683; and Western Guaranty Loan Co. v. Dean, Tex.Civ.App., 309 S.W.2d 857. The proper method of submitting such issues to the jury is set forth in Dallas Ry. & Terminal Co. v. Ector, supra.

■ In our opinion there is no basis in law under the allegations contained in appellant's petition and the undisputed facts adduced upon the hearing of the motion to sever which would entitle appellant to obtain a joint and several judgment against each of these appellees for both injuries he may have received on the two separate occasions in question.

We are, therefore, of the opinion that the causes of action were several and that the Trial Court was correct in holding that the cases should be severed.

We are also of the opinion that there was no error in the Trial Court's action for an additional reason. The Trial Court under the provisions of Rules 41 and 174(b), Texas Rules of Civil Procedure, is vested with broad discretion to sever distinct causes of action against separate defendants and that the exercise of that discretion will not be disturbed on appeal except for abuse thereof. Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677; Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438; Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847; Williams v. Moers, Tex.Civ.App., 240 S.W.2d 336, n. r. e.; Hamilton v. Hamilton, Tex.Civ.App., 269 S.W.2d 491, affirmed 154 Tex. 511, 280 S.W.2d 588.

We, therefore, overrule appellant's Point of Error and sustain the appellees' cross-points.

The judgment of the Trial Court is affirmed.