**Edward A. FITCH, Petitioner,**

v.

**Homer Y. JONES et al., Respondents.**

**No. B–1336.**

Supreme Court of Texas.

May 21, 1969.

Rehearing Denied June 18, 1969.

Cauley & Kershner, William J. Kershner, Houston, for petitioner.

H. W. Boerstler, Houston, for respondents.

REAVLEY, Justice.

While a debtor's arrangement for Homer Y. Jones and Sky Lakes Development Co., Inc. (both hereinafter referred to as Jones) was pending in federal bankruptcy court, Edward A. Fitch brought this suit against Jones in state court. After the federal proceeding was closed, this case was tried and judgment awarded to Fitch. The Court of Civil Appeals reversed and dismissed the cause for want of jurisdiction in the trial court. 435 S.W.2d 252. We hold that the trial court had jurisdiction, and we modify its judgment only as to attorney's fees.

Fitch transferred his airplane to Jones, for which the latter was to pay the remainder due C.I.T. on a note given for the original purchase of the plane. Jones failed to make the payments, and C.I.T. sued all of these parties. Fitch settled with C.I.T. and pursued this action against Jones.

Jones entered a special appearance saying that the court had no jurisdiction of the matter because of the proceeding in bankruptcy court. Jones subsequently pleaded that C.I.T. had been paid in the arrangement, that the federal proceeding was concluded, and that Jones was then discharged from any further liability in connection with this debt.

Upon the trial before the court, Fitch proved his payment to C.I.T. of $2,500. Jones offered no proof except copies of papers in the federal proceeding, and these were excluded by the trial court upon Fitch's objection that they were not properly certified. The judgment was for Fitch.

The Court of Civil Appeals reversed and dismissed on the ground that the bankruptcy court took prior and exclusive jurisdiction of this case. The mere pendency of a bankruptcy proceeding does not divest the state court of jurisdiction. Northeastern Real Estate Securities Corp. v. Goldstein, 276 N.Y. 64, 11 N.E.2d 354 (1937); 1 Collier on Bankruptcy, 327, 1156 (14th Ed.1968). There would have been cause for abatement of this state case so long as the bankruptcy matter was pending, assuming that the disposition in the federal proceeding would have affected Fitch's claim. However, the federal matter was closed more than a year before this case was tried, leaving only the question of whether Fitch's claim against Jones was affected by that proceeding.

The instruments from the bankruptcy court which were offered by Jones did not meet the requirements of Article 3731a, Vernon's Tex.Civ.Stat.; but they were brought forward in the offer of proof and would not affect the judgment if admitted. No confirmation order, which would determine the discharge of the debtor in a Chapter XI arrangement (11 U.S.C.A. Sec. 771), is shown in the record. There was no attempt to prove what was provided by this arrangement, and Fitch's debt would

not be discharged unless it was provided for thereby. Discharge in bankruptcy is an affirmative defense, and Jones failed to prove a discharge.

 The trial court erroneously awarded Fitch his attorney's fees, a point about which Jones complained in the Court of Civil Appeals but which that court did not reach. This is not a claim for "material furnished" under the terms of Article 2226, Vernon's Tex.Civ.Stat.; it is a suit to recoup Fitch's payment to C.I.T. of the primary obligation of Jones.

The judgment of the Court of Civil Appeals is reversed; and the judgment of the trial court, modified so as to disallow recovery of attorney's fees, is affirmed.