**Aline SWAFFORD, Appellant,**

v.

**Dixon W. HOLMAN, et al., Appellees.**

No. 17319.

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1969.

Rehearing Denied Oct. 24, 1969.

Jerry M. Hyde, Dallas, for appellant.

J. L. Shook, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellees.

DIXON, Chief Justice.

Mrs. Aline Swafford, appellant, formerly Mrs. Aline Swinford, filed this suit against appellees, Allied Finance Company, Allied Finance Company of Casa View, Dixon W. Holman and Carlos I. Miro. The second of the above named finance companies is a subsidiary of the first. Holman and Miro are licensed attorneys at law, who are employed by Allied Finance Company in its legal department.

Mrs. Swafford seeks damages against appellees jointly and severally allegedly arising out of wrongful attempt to enforce a foreclosure judgment, a bill of discovery, unreasonable collection efforts and other activities.

On motion of appellees Holman and Miro the cause of action against them was severed from that against the two finance companies. A motion for summary judgment was thereafter sustained and judgment was rendered that appellant take nothing against Holman and Miro. The present appeal is from that summary judgment.

This is the second appeal by appellant involving matters arising out of a controversy between appellant and Allied Finance Company of Casa View. For the first appeal see Swinford v. Allied Finance Co. of Casa View, 424 S.W.2d 298 (Tex.Civ.App. Dallas 1968, writ dism'd, cert. refused, U.S. Supreme Court, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259).

In the first suit Allied Finance Company of Casa View obtained a judgment for debt and foreclosure on a note secured by chattel mortgage. Most of the matters alleged in the present suit for damages were alleged by appellant as defenses in the suit filed by Allied Finance Company of Casa View. On appeal we affirmed the judgment. As indicated above, the Supreme Court of Texas dismissed appellant's application for writ of error and the United States Supreme Court refused to grant a writ of certiorari.

In her first point of error Mrs. Swafford says the court erred in overruling her pleas to the jurisdiction and entering summary judgment because all necessary parties were not before the court. We see no merit in the point.

■ Appellant's first point stems from the court's order severing the cause of action against Holman and Miro from the suit against the two finance companies, to which severance she had objected. Rules 41 and 174(b), Vernon's Texas Rules of Civil Procedure and related rules vest trial courts with a broad discretion in regard to severance and separate trials of causes of action and issues; and the decision of the court in granting a severance will not be reversed unless it is shown that there is an abuse of discretion. Phillips v. Gulf & South American Steamship Co., 323 S.W. 2d 631, 636 (Tex.Civ.App., Houston 1959, writ ref'd), citing cases; Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 (1956).

The terms *necessary party* and *indispensable party* have come to have different meanings under our legal terminology. A *necessary party* may be one who claims an interest in the subject matter of the controversy, but whose interest is severable. This is especially true in those tort cases where joint tort-feasors are liable severally as well as jointly. An *indispensable party*, on the other hand, is one who claims such a direct interest in the subject matter of the controversy that a final judgment cannot be rendered in the case without his being a party to the suit. McDonald, "Texas Civil Practice", §§ 3.16, 3.25(11).

■ That the two finance companies are not indispensable parties, in suits such as we have here, is plainly shown by two opinions by our Supreme Court. In Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 734 (1952), the Supreme Court said, "Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, * * * all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one *separately* or against all in one suit." (Emphasis ours.) It follows that if the plaintiff can proceed against any one *separately*, the other defendants are not indispensable parties.

In Riley v. Industrial Finance Service Co., 157 Tex. 306, 302 S.W.2d 652, 657 our Supreme Court did not hold that all defendants in the severed cause were indispensable parties. The court did not even hold that the severance itself in that case was reversible error. The court said, "In view of the reversal and remand of this case and the necessity for its retrial, we will say that under the facts and circumstances the trial court *should* set aside his order severing this cause into four trials, and this cause *should* be tried against all defendants in one and the same trial." (Emphasis ours.) One may well agree that the severance of one cause into four different actions was stretching the principle of severance a bit far, and that our Supreme Court wisely suggested that the trial court should set aside its order of severance. But the language of the court is far from

a holding that the severance was reversible error.

■ In the case now before us we hold that in ordering the severance the trial court did not abuse its discretion and the severance was not reversible error. Appellant's first point is overruled.

■ In her second point of error appellant asserts that the court erred in overruling the special exceptions contained in her reply to appellees' motion for summary judgment because such action was abusive. We cannot sustain this point for the reasons which follow.

(1) The point is multifarious. The record reveals that appellant's reply contains ten separately numbered paragraphs of exceptions, several of which are themselves global in nature.[1]

(2) Under the circumstances and in view of the manner in which they were presented the court was correct in overruling the exceptions.

■ (3) If it was error in any instance to overrule any of the exceptions the error was harmless. A motion for summary judgment must substantially meet the requirements laid down in Rule 166–A, T.R.C.P., regardless of whether any exceptions were levelled at the motion. It will be presumed that in sustaining the motion for summary judgment the court ignored such parts, if any, of the motion as were contrary to the rule and considered only those parts of the motion which bring it within the rule.

(4) We see nothing "abusive" in the court's action.

Appellant's second point is overruled.

The substance of appellant's third and fourth points which she briefed together is that there were genuine issues of fact to be resolved, therefore it was error for the court to grant summary judgment.

Each of the above points is too broad and general to require our consideration.

■ We have carefully read the statement and argument under the points, but they too are broad and general. In her argument, appellant names several facts which are *not* issues because they are proven by judicial admissions. These proven facts are not decisive of the question before us.[2]

■ In an affidavit Mrs. Swafford alleges that one of the wrongful acts of which appellees were guilty was that they caused a citation to be issued and served on her in the foreclosure suit. This was

---

1. For example, Exception No. X is as follows:

> "Plaintiff excepts to the entire petition for summary judgment of Defendants, and says the same is insufficient in law, because it attempts to invoke the office of summary judgment as authorized by Rule 166–A, T.R.C.P., and it is now settled that such remedy is too harsh a remedy to be applied to a suit sounding in tort, as here, and said rule of court was never intended to serve to deny a Plaintiff her right to a trial by jury where the issues are complex and interrelated as in the instant case at bar. Of which special exception Plaintiff prays judgment of the Court."

2. For example, appellant as a defense in this case relies on the fact that appellant's former husband had taken bankruptcy and had listed the mortgaged property among his assets. Therefore, she says, the property was in *custodia legis* and beyond her reach and also beyond the reach of appellees under their order of sale. As pointed out by appellees, this question was adjudicated in the first appeal: Swinford v. Allied Finance Co., 424 S.W.2d 298, 302 (Tex.Civ.App., Dallas 1968, writ dism'd, cert. denied). There we held against appellant on this very issue, pointing out that the bankruptcy court had specifically abandoned and disclaimed all right, title and interest in the assets involved in the foreclosure suit. As appellees correctly argue, that issue is *res adjudicata* as far as the present suit is concerned. As to the judgment creditor's right to proceed against the property see also Fitch v. Jones, 441 S.W.2d 187 (Tex.Sup.1969).

the suit in which judgment against her was affirmed all the way to the United States Supreme Court. She says the service by the constable of the citation greatly shocked and upset her. It is to be regretted that the service of process upset appellant, but certainly it affords no legal basis for a damage suit against the attorneys for the plaintiff—especially in view of the fact that the plaintiff was successful in the suit.

Another alleged wrongful act charged against appellees is that they caused an order of sale to issue in the first suit, whereas the judgment denied foreclosure and order of sale, according to appellant. In support of her view appellant leans heavily on the holding in Vance v. Wilson, 382 S.W.2d 107 (Tex.Sup.1964).

We are unable to agree with appellant. The holding in *Vance* is not applicable here. In that case the plaintiff sought both a money judgment and foreclosure of deed of trust liens. Our Supreme Court pointed out that the judgment was for a money judgment only. It was silent as to the foreclosure relief prayed for by the plaintiff. Foreclosure was not even mentioned in the judgment. It was held that under such circumstances the judgment was properly construed as denying by implication the foreclosure of the deed of trust liens.

The situation in the case now before us is quite different. The judgment against Mrs. Swafford (Swinford) expressly states that the plaintiff should have foreclosure of its chattel mortgage lien and describes the property involved in the foreclosure. It then orders, adjudges and decrees that the plaintiff recover a money judgment and further "that plaintiff have foreclosure of its chattel mortgage lien * * * for all of which let execution issue * * *."[3]

Appellant rests her contention on the fact that the judgment does not expressly provide that an order of sale shall issue; it merely states "for all of which let execution issue * * *."

The general rule is that the right to enforce adjudicated rights follows as a

---

3. The material portions of the judgment are as follows:

   "ON THIS the 3 day of April, 1967, came on to be heard the above entitled and numbered cause, and came the Plaintiff, Allied Finance Company of Casa View, by its attorney of record and the defendant, Aline Swinford, having been duly cited * * * and Plaintiff having filed a Motion for Summary Judgment which was set for this date, it appears to the court that the defendant, Aline Swinford, was duly notified of such Motion and setting thereon, and that such motion is not controverted;

   And the Court is of the further opinion that the plaintiff is entitled to summary and final judgment against the defendant, Aline Swinford, and should recover of and from the said defendant in the sum of $686.53 with interest thereon at the rate of 6% per annum from this date until paid, and all costs in this behalf expended; and further that *the plaintiff should have foreclosure of its chattel mortgage lien* as the same existed on the 27th day of January, 1965, on the following described property, to wit:

   1 Olympic Dual stereo cons.; 1 beige naugh sofa contemp; 1 coffee table marble ven; 1 Contemp aqua naugh chair; 1 Olympic 21″ Cab. TV; 1 white lamp table; 1 Westinghouse refrig-freezer comb brown dble door; 1 Speed queen washer; 1 Speed Queen dryer; 1 Brown dining table walnut ven w/4 orange chairs; 2 single beds sand m; 1 dresser blonde; 1 Motorola 21″ Table model TV; 2 sing. beds s&m/H/B oak; 1 oak dble dresser w/mirror; 1 old chair; 1 dble bed w/s&m; 1 danish walnut dresser w/ mirror; 1 Hotpoint refrig.

   It is therefore, ORDERED, ADJUDGED AND DECREED by the Court * * * that the plaintiff, Allied Finance Company of Casa View, a corporation, do have and recover of and from the defendant, Aline Swinford, the sum of $686.53 with interest thereon from this date until paid at the rate of 6% per annum, all costs in this behalf expended; *and that plaintiff have foreclosure of its chattel mortgage lien* as same existed on January 27, 1965, for all of which let execution issue as provided by law." (Emphasis ours.)

matter of law, though the judgment may not in express terms order either an execution or an order of sale. Jaresh v. Jaresh, 179 S.W.2d 533 (Tex.Civ.App., Galveston 1944); Darlington v. Allison, 12 S.W.2d 839 (Tex.Civ.App., Amarillo 1928, writ dism'd), and cases there cited; 34 Tex.Jur. 2d 737. The term *execution* is broad enough to include such writ as may be necessary to enforce the relief awarded to a party in a judgment, including an order of sale. 24 Tex.Jur.2d 484. Appellees committed no wrong in obtaining an order of sale in an effort to enforce the foreclosure awarded in the judgment.

■ Appellant complains that on August 3, 1968 she was served with a citation in a bill of discovery action instituted by appellees as attorneys for the finance companies, and in September she was served with a subpoena duces tecum in the discovery action. In February 1969 appellant signed an affidavit that in her divorce from her first husband, Weldon Swinford, she had been awarded the mortgaged furniture. She had earlier offered to turn the furniture over to the finance company, which offer was refused. Later, after judgment for foreclosure had been rendered and affirmed, the judgment creditor endeavoring to carry out the order of sale, made demand on appellant to produce the furniture. The demand was refused on the ground that the property was no longer under appellant's control, being under the control of the bankruptcy court. Under these circumstances the judgment creditor acting through its attorney had a right to seek discovery and to cause a citation and subpoena to issue. Rule 737, T.R.C.P. Furthermore, if the mortgaged property was not available, the judgment creditor had a right to proceed against the separate property of appellant. Articles 4624 and 4626, Vernon's Ann.Civ. St. as amended in 1963 were in effect when the judgment against appellant was rendered. This was prior to the amendment of 1968.

Appellant's third and fourth points are overruled.

In her fifth and sixth points appellant claims error in rendering summary judgment because the court's authority relied on (Rule 166–A, T.R.C.P.) as applied and construed by the court and the court's actions are violative of Art. 1, § 19, Vernon's Annotated Texas Constitution, and the Due Process clause of the Fourteenth Amendment to the United States Constitution.

■ Appellees, as attorneys for the finance companies, merely followed due process in obtaining the judgment of foreclosure in behalf of their clients, and in attempting through a bill of discovery to learn of any assets belonging to the judgment debtor which might be subject to order of sale or execution. Rules providing for summary judgment are not unconstitutional.

■ Appellant argues that the issues decided in the suit against her in which foreclosure was decreed cannot be *res adjudicata* in this suit because appellees here were not parties in that suit. We do not agree with appellant. See 34 Tex. Jur.2d 528 and authorities there cited.

The new issues presented in this suit which were not raised in the foreclosure suit, and are therefore not *res adjudicata,* are (1) issuance of the order of sale, (2) bill of discovery and (3) issuance of subpoena. As we have already stated appellees in these three instances were merely resorting to the processes provided by law in seeking to enforce the judgment which had been awarded to their client and which had been affirmed on appeal. It is regrettable that the issuance of such processes caused distress to Mrs. Swaf-

ford. But under the undisputed facts they afford no basis for damages against these appellees.

The judgment of the trial court is affirmed.