OPINION OF THE COURT
Irving A. Green, J.
Presented before this court for determination in a negligence action arising out of the collision of two vehicles upon the roadways of this State are threshold questions concerning whether (1) jurisdiction has been obtained over defendants and (2) whether the action may properly proceed against defendant Loftis & Sons Trucking, Inc. (sued herein as Landon B. Loftis & Sons) because of the alleged discharge of all obligations to the plaintiff by a United States District Court of Bankruptcy.
The matter was originally presented to the court in a motion brought under CPLR 3211 (subd [b]) to dismiss such affirmative defenses raised by defendants in their answer to the complaint. The court directed a hearing was required to determine the issues raised.
In lieu of testimony counsel have elected to submit written proof to the court.
*846 In its papers plaintiffs concede jurisdiction was not obtained over the named defendant, Ernest C. Moore, who predeceased service upon him.
Accordingly, the complaint is dismissed as to defendant Ernest C. Moore.
The summons and complaint in this action were served on defendant Loftis in August, 1978, pursuant to section 253 of the Vehicle and Traffic Law. Proof of filing of the papers, including a copy of the summons and complaint and the notice required by the statute is submitted to the court. Also submitted is a copy of the certified mail return receipt upon defendant “Landon B. Loftis & Sons” signed by “Ben Loftis”.
Although the correct name of defendant is “Loftis & Sons Trucking, Inc.” the point is not pressed by defendant that the court lacks jurisdiction because of the misnomer. Furthermore, in 1981, an insurer, Commercial Standard Insurance Company, formally appeared in a hearing before this court to stay an arbitration proceeding relating to this action, and stated it would defend the action on behalf of the defendants.
The court finds that defendant Loftis & Sons Trucking, Inc., was not prejudiced by the misnomer and received actual notice of the commencement of the action against it as required by the Vehicle and Traffic Law. (Covino v Alside Aluminum Supply Co., 42 AD2d 77.)
Accordingly, the branch of the motion to dismiss the affirmative defense of lack of jurisdiction over the defendant Landon B. Loftis & Sons, Inc., is granted.
The court finds there is not merit to defendant’s claim that the filing of the petition in bankruptcy acted as an automatic stay which ousted this court of jurisdiction to entertain plaintiff’s suit which seeks to fix personal liability upon the defendant but does not affect defendant’s property nor interfere with any property in the custody of the Bankruptcy Court. (Northeastern Real Estate Securities Corp. v Goldstein, 276 NY 64, 69.)
Upon the issue of the viability of the defense of discharge in bankruptcy no proof is submitted by defendant that the debt, if any, owed to the plaintiffs by defendant was dis *847 charged in bankruptcy there being no proof before this court the debt was duly scheduled in the bankruptcy proceedings in time for proof and allowance or that the plaintiffs had notice or actual knowledge of the proceedings in bankruptcy. (US Code, tit 11, § 523, subd [a], par [3], formerly US Code, tit 11, § 35, subd [a], par [3].)
The court further notes that were the claim of plaintiffs properly scheduled and discharged that such discharge in any event would not be a complete affirmative defense to plaintiffs’ claim.
The policy of insurance issued by the insurer, Commercial Standard Insurance Company provides: “No action shall lie against the company unless, as a condition precedent thereto * * * until the amount of the insured’s obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company * * * Bankruptcy or insolvency of the insured or of the insured’s estate shall not relieve the company of any of its obligations hereunder.” In reliance upon this language in the policy and section 167 (subd 1, par [a]) of the Insurance Law which provides:
“No policy * * * insuring against , liability for injury to person * * * shall be issued * * * in this state, unless it contains in substance the following provisions * * *
“A provision that the insolvency or bankruptcy of the person insured, or the insolvency of his estate, shall not release the insurer from the payment of damages for injury sustained or loss occasioned during the life of and within the coverage of such policy or contract.” Plaintiffs contend they have the right to pursue this action to the extent of the coverage of the insurance policy in spite of any release of the defendant from personal liability because of bankruptcy.
This court agrees with that contention. Although the policy of insurance in question was not issued or delivered in New York, the language of the contract and statute above quoted are sufficiently similar in language and purpose that the construction placed upon the statute is instructive of the construction to be placed upon the insurance contract.
*848 In Coleman v New Amsterdam Cas. Co. (247 NY 271) it was held that the effect of the statute (Insurance Law, § 167, formerly § 109) is to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment.
The statute was enacted to remedy the particular evil which existed prior to its enactment where an injured party would be unable to recover from an insured who had committed the injury but which insured would suffer no loss thereby in the event of the insured’s bankruptcy. This circumstance resulted, in effect, to a windfall for the insurance company. (Matter of Baroff Co., 555 F2d 38.)
Therefore harmonizing the defense of discharge in bankruptcy which would have been personally available to defendant Loftis and the surviving obligation of the insurer the court finds that the . action would have been permitted to continue with any judgment recoverable to be limited to the extent of the face amount of the insurance policy and further subject to any other contractual limitations contained therein such as a deductible amount as would have been binding upon the insured.
The court notes, in this regard, that the amount prayed for in the ad damnum clause is within the limits of the policy. ,
However, upon the proof submitted to the court, plaintiffs are entitled to the dismissal of the affirmative defense of discharge in bankruptcy alleged by defendant Loftis in its answer.
Accordingly, the branch of plaintiffs’ motion to dismiss such defense is granted.