IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-020-CV





JOE A. PARAMORE,



 APPELLANT


vs.





FIRST NATIONAL BANK OF BASTROP AND CECIL B. LONG,



 APPELLEES



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 19,808, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING



 




 The trial court rendered judgment that Joe A. Paramore "take nothing" by his suit
against the First National Bank of Bastrop for declaratory relief under the Uniform Declaratory
Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (1986 & Supp. 1991). 
Paramore appeals. We will affirm the judgment.



THE CONTROVERSY


 The bank holds and owns Paramore's promissory note, the debt being secured by
the lien of his deed of trust describing certain land in Bastrop County. After executing the note
and deed of trust, Paramore initiated a voluntary bankruptcy proceeding under Chapter 11, 11
U.S.C.A. §§ 1101-1174 (West 1979). The bankruptcy court rendered an order on January 31,
1989, confirming Paramore's plan of reorganization after hearing and notice. See id. § 1128. The
order has not been amended or set aside. The confirmed plan expressly authorized the bank to
accelerate Paramore's installment debt if he failed to make the requisite payments. He failed to
make the payments.

 The bank notified Paramore that it accelerated the indebtedness and intended to
have the property sold by the trustee under the deed of trust if Paramore did not pay the debt. 
Paramore filed the present cause in state district court seeking a declaratory judgment that the lien
of the deed of trust was "null and void" because the property was his homestead, even though he
had designated it in the bankruptcy proceeding as property not exempt from forced sale, a
designation carried forward in the bankruptcy court's order confirming Paramore's reorganization
plan. After trial without a jury, the court below rendered final judgment that Paramore
"take nothing in this cause." Paramore appeals on a single point of error that the trial court erred
because Paramore had established, as a matter of law, that the property was his homestead to
which a lien could not attach except in circumstances not present here. Tex. Const. art. XVI, §
50; Tex. Prop. Code Ann. §§ 41.001, 41.002 (Supp. 1991).



DISCUSSION AND HOLDING


 We entertained some doubt about the jurisdiction of the district court over the
subject matter, given that the bankruptcy proceeding is still pending; and by extension, that doubt
extended to our own exercise of jurisdiction. It appears in the present circumstances, however,
that state courts are not without jurisdiction to adjudicate a claim such as Paramore's suit for
declaratory relief. See Fitch v. Jones, 441 S.W.2d 187, 188 (Tex. 1969) ("The mere pendency
of a bankruptcy proceeding does not divest the state court of jurisdiction."); Valley Int'l Properties
v. Los Campeones, Inc., 568 S.W.2d 680, 685-86 (Tex. Civ. App. 1978, writ ref'd n.r.e.)
(pendency of Chapter 11 proceeding does not divest a state court of jurisdiction absent any actual
interference with the jurisdiction of the bankruptcy court), appeal dism'd, 440 U.S. 902 (1979);
see also In re Ernst and R.C.E. Corp., 45 B.R. 700, 702 (Bankr. D. Minn. 1985) ("[W]here a
default exists in payments to a secured creditor pursuant to a confirmed plan, the affected creditor
is not prevented from seeking foreclosure of the security in a state court based on the default just
because the plan reserves jurisdiction in the bankruptcy court regarding the plan and its
administration."); In re Paradise Valley Country Club, 31 B.R. 613, 615 (D. Colo. 1983) ("The
retained jurisdiction of this court to aid in the completion of the plan is not exclusive of the state
court's jurisdiction to remedy violation of contracts entered into by the reorganized debtor."). 
We hold accordingly.

 Paramore obtained confirmation of his prepared reorganization plan partly because
the property in question was not exempt from forced sale. An element of the confirmed plan is
that the bank might foreclose on its deed of trust in circumstances that have in fact occurred
according to the stipulation of the parties. The bankruptcy court was the first court to have
jurisdiction to determine the status of the property, which it did in its confirmation of Paramore's
reorganization plan. No appeal was taken from the order confirming the plan. The order is
entitled to res judicata effect; neither the district court nor this Court may reexamine the status
of the property. Stoll v. Gottlieb, 305 U.S. 165, 172-73 (1938) (order of bankruptcy court
approving reorganization plan entitled to res judicata effect in latter action challenging court's
jurisdiction, the bankruptcy court being the first court called upon to determine its jurisdiction);
see Miller v. Meinhard-Commercial Corp., 462 F.2d 358, 360 (5th Cir. 1972) ("An arrangement
confirmed by a bankruptcy court has the effect of a judgment rendered by a district court . . . and
any attempt by the parties or those in privity with them to re-litigate any of the matters that were
raised therein or could have been raised therein is barred under the doctrine of res judicata."). 
We overrule Paramore's point of error.

 We hold accordingly and affirm the trial-court judgment.


 

 John Powers, Justice

[Before Justices Powers, Jones and B. A. Smith; Justice B. A. Smith not participating]

Affirmed

Filed: December 11, 1991

[Do Not Publish]