## In re R. HOE & CO., Inc.

United States District Court
S. D. New York.

Nov. 6, 1950.

———◆———

Gustave B. Garfield, New York City, for petitioner.

Neil P. Cullom, New York City, for R. Hoe & Co., Inc.

McGOHEY, District Judge.

The proceedings for the reorganization of the debtor were terminated by order of July 10, 1935. It was thereby adjudged that the debtor be discharged and that it be revested with its properties. The petitioner concededly was not a stockholder at the time of the reorganization proceedings. He purchased his 500 shares on December 23, 1949, just about the time the debtor was about to effect a consolidation pursuant to the New York Stock Corporation Law, Mck.Consol.Laws, c. 59. The petitioner undertook to prevent the consolidation. He seemed to realize, correctly, that his recourse had to be to the state court to seek injunction against possible violation of the local law, rather than to seek relief here under the theory he now advances. He did institute an action in New York. A temporary injunction was there denied and, after a prompt trial, judgment was entered against him. While the matter was awaiting decision by Mr. Justice Cohalan, and without advising him, this petition was filed here. It seeks the identical relief prayed for in the state court action. The only thing different here is the theory. It is here claimed that petitioner is proceeding under the "reserved jurisdiction" of the bankruptcy court, to enjoin alleged disobedience of the reorganization plan.

It is well settled that the bankruptcy court should not and indeed cannot indefinitely keep "leading strings"[1] on or be a "nurse"[2] to reorganized concerns. This reorganized debtor was in 1935 sent "out into the state as fully subject to state law as though the court had had nothing to do with its creation."[3] The petitioner sought and failed to justify the intervention of the state court. He cannot, while pressing his appeal there, relitigate the same issues in this court.[4] A less worthy appeal to the court's equity power is impossible to imagine.

The petition for injunction is in all respects denied.

Submit order.

1. In re Flatbush Ave.-Nevins St. Corp., 2 Cir., 133 F.2d 760.

2. North American Car Corp. v. Peerless W. & V. Mach. Corp., 2 Cir., 143 F.2d 938.

3. In re Ambassador Hotel Corp., 2 Cir., 124 F.2d 435, 437.

4. Davega-City Radio, Inc., v. Boland, D. C.S.D.N.Y., 23 F.Supp. 969, 970.