**In re MORGAN & MORGAN, INC., and Morgan Press, Inc., Debtors.**

**Bankruptcy Nos. 75 B 2434, 75 B 2435.**

United States Bankruptcy Court,
S.D. New York.

Nov. 15, 1982.

Reich & Reich, White Plains, N.Y., for debtors.

Holland & Zinker, Smithtown, L.I., N.Y., for landlord.

### DECISION ON APPLICATION OF DEBTORS TO STAY LANDLORD

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Although the show is over and the music has stopped, the debtor now says: "Play it again." The debtor in this confirmed Chapter XI case under the repealed Bankruptcy Act seeks to enjoin its landlord from proceeding with an action in a state court to evict the debtor from its place of business in Dobbs Ferry, New York. The landlord contests the jurisdiction of this court to entertain this matter because the eviction proceeding represents a controversy that arose after the entry of the order confirming the debtor's Chapter XI plan. Moreover, the landlord maintains that the order of confirmation did not provide that this court may retain jurisdiction over the subject matter of the landlord's eviction action.

On March 30, 1973, the debtor, Morgan & Morgan, Inc., entered into a written lease with its landlord, Commerce & Industry Associates, Inc., for business premises in Dobbs Ferry, New York. The lease was to run for a period of fifteen years.

The debtor filed its petition for an arrangement under Chapter XI of the former Bankruptcy Act on December 16, 1975. On January 16, 1976, the landlord notified the tenant in writing that the lease was terminated by reason of the filing of the Chapter XI petition and that the debtor's tenancy was thereafter on a month to month basis. The debtor was authorized to remain in possession of a portion of the leased premises at a reduced rental, which the debtor did without expressly assenting to or rejecting the new arrangement.

The debtor did not list the landlord as an unsecured creditor in its schedules because apparently the debtor believed that it was current in its rent obligation. Moreover, the landlord never filed a proof of claim for rent, which confirms that the parties treated the rent requirement as current. However, the debtor did list the landlord as holding security in the amount of $1082.31 with respect to a "platform lever." The debtor also listed a security deposit for rent held for the landlord by two banks.

The debtor's confirmed plan dealt with the subject of this court's retained jurisdiction as follows:

"9. RETENTION OF JURISDICTION The Bankruptcy Court shall retain jurisdiction of the proceedings as to the debtor to (a) determine the allowance of claims, (b) authorize the filing of objections to the allowance of claims, (c) determine pending applications for the rejection of executory contracts and pass upon claims resulting therefrom and filed within the time permitted by the Bankruptcy Act and (d) determine any controversy pending on the date of confirmation by a party to these proceedings or by any creditor or other person."

The limited extent of this court's retained jurisdiction was also reflected in the order of confirmation, dated April 4, 1981, which reads in relevant part as follows:

"18. The court shall retain jurisdiction of these Chapter XI cases pursuant to the provisions of § 368 of the Bankruptcy Act, 11 U.S.C. § 768, for the purposes set forth in Section 387 of the Act, 11 U.S.C. § 787, and Rule 11–40 of the Rules of Bankruptcy Procedure and of all pending matters of whatsoever kind or nature and to determine all pending applications to reject executory contracts and the final allowance or disallowance of any claim arising therefrom.

19. In accordance with § 369 of the Act, 11 U.S.C. § 769, the court shall retain jurisdiction until the final allowance or disallowance of all claims affected by the arrangement which have been filed with the limitations as to time and amount prescribed by § 355 but have not been allowed or disallowed prior to confirmation.

20. The court also shall retain jurisdiction to determine all applications for allowances of compensation or reimbursement of expenses (the "Applications") as costs and expenses of the Chapter XI case and all Applications shall be filed with the court within thirty (30) days from the date hereof."

In June of 1982, one year and two months after the entry of the order confirming the debtor's Chapter XI plan, the landlord mailed a proposed new lease for the premises in question, which called for an increase in rent to $11,130.16 per month. The debtor did not sign the lease and continued to mail certified checks to the landlord for the months of July through September, 1982 based upon the $8,550.00 monthly rental it paid prior to the proposed increase. The landlord refused to accept the checks and, instead, commenced an action for eviction in the Justice Court of the Village of Dobbs Ferry, New York, where the landlord requested the back rent claimed due at the proposed increased level in addition to certain water charges which are disputed. Hence, the cause of action asserted by the landlord in the state court involves a claim for rent and water charges allegedly due

for the period between July, 1982 through October 1982, commencing nearly one year and three months after entry of the order confirming the debtor's Chapter XI plan.

## POST–CONFIRMATION JURISDICTION

■ Section 357(7) of the former Bankruptcy Act permitted a Chapter XI plan to provide for retention of jurisdiction by the bankruptcy court "until provisions of the arrangement, after its confirmation, have been performed ...." Moreover, Section 368 of the Act stated that the "court shall retain jurisdiction, if so provided in the arrangement." These two sections combined to confer broad post-confirmation jurisdiction upon the bankruptcy court if provided in the Chapter XI plan. The debtor's confirmed plan in this case did not authorize such broad jurisdiction; the court's jurisdiction was limited to determining the allowance of claims and objections to claims, the adjudication of pending applications for the rejection of executory contracts and the determination of controversies pending on the date of confirmation. The landlord's claim for post-confirmation rent does not fall into any of these categories.

Absent an express post-confirmation authorization, the bankruptcy court's jurisdiction after confirmation of a Chapter XI case is governed by Section 369 of the former Act which provided:

"Sec. 369. The court shall in any event retain jurisdiction until the final allowance or disallowance of all claims affected by the arrangement which have been filed with the limitations as to time and amount prescribed by section 355 but have not been allowed or disallowed prior to confirmation."

The landlord's claim for the nonpayment of rent for the months of July through October, 1982, is not bottomed on a claim affected by the plan of arrangement that was confirmed on April 4, 1981. Thus, this case does not involve the scope of the court's post-confirmation jurisdiction vis-a-vis pending claims in a Chapter XI case where the plan did not provide for the retention of jurisdiction, as explored in *Law*

*Research Service, Inc. v. Crook,* 524 F.2d 301 (2d Cir.1975) and *Law Research Service, Inc. v. Hemba,* 384 F.Supp. 729 (S.D.N.Y. 1974). The debtor never applied to this court, pursuant to Section 313 of the Act, for authority to assume or reject either the original lease or the subsequently proposed lease that the debtor refused to recognize. Moreover, the debtor's plan of arrangement did not provide for the assumption or rejection of any executory contract, as permitted under Section 357(2). Accordingly, there was no pending application for the rejection of an executory contract that could trigger the provision for a limited retention of jurisdiction, as expressed in paragraph 9 of the debtor's confirmed plan. In these circumstances, any executory contract or lease not expressly assumed or rejected by the debtor before confirmation, or in the plan of arrangement, rode through the proceedings and was thereafter binding on the debtor. See *In re Greenpoint Metallic Bed Co.,* 113 F.2d 881 (2d Cir.1940); *Mohonk Realty Corp. v. Wise Shoe Stores, Inc.,* 111 F.2d 287 (2nd Cir.1940), cert. den. 311 U.S. 654, 61 S.Ct. 47, 85 L.Ed. 418 (1940).

Consequently, there is no jurisdictional predicate for this court to entertain the debtor's application to stay the landlord's eviction case pending in the Justice Court for the Village of Dobbs Ferry, New York.

## THE SEVEN YEAR STAY

■ Section 314 of the former Bankruptcy Act empowered the bankruptcy court to stay the commencement or continuation of suits and proceedings "until final decree." Additionally, the automatic stay provided under Bankruptcy Rule 11–44(a) continued until the case was closed, dismissed, or converted to bankruptcy. This court was about to close this case when the debtor filed for the relief in question.

The debtor argues that the landlord's successful eviction of the debtor from its premises would put the debtor out of business and prevent the debtor from making the payments called for under the confirmed Chapter XI plan. However, the debtor is not entitled to a permanent umbrella

shielding it from all law suits while it makes its payments under the plan of arrangement. The order of confirmation marked the commencement of the period when a debtor was weaned from dependence on the bankruptcy court's injunctive powers so as to stand on its own feet with respect to post-confirmation matters. Therefore, apart from jurisdictional limitations, there is no logical basis for issuing a stay under Section 314 of the Act or for extending the automatic stay under Rule 11–44 to protect the debtor from post-confirmation suits bottomed on claims arising after the entry of the order confirming the plan of arrangement.

The debtor's performance for seven years in this bankruptcy court has had a successful run; confirmation was achieved. There are no pending pre-confirmation matters to be heard. It is now time for the characters to leave the stage and for the curtain to fall. This is not the time for an encore on the theme of injunctive relief. The debtor's attempt to replay this tune strikes a discordant note. Accordingly, it will be muted by a dismissal of the application.

SUBMIT ORDER ON NOTICE.