In re PARADISE VALLEY COUNTRY CLUB, Debtor.

PARADISE VALLEY COUNTRY CLUB, Plaintiff,

v.

SUN VALLEY DEVELOPMENT COMPANY, a Colorado corporation, Defendant.

Bankruptcy No. 82 J 2375.

United States Bankruptcy Court, D. Colorado.

Feb. 10, 1983.

William D. Nelsch, Denver, Colo., for plaintiff.

Arthur S. Bowman, Jr., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the parties' cross motions for Summary Judgment.

The facts are as follows. Plaintiff Paradise Valley Country Club (hereinafter "Paradise Valley") filed a Chapter 11 petition in this Court on November 26, 1980. On or about March 6, 1981, the Court approved Plaintiff's assumption of a lease between it and the Defendant, Sun Valley Development Company (hereinafter "Sun Valley"). Under the terms of the lease, Sun Valley was the Lessor and Paradise Valley was the Lessee of certain real property located in Arapahoe County upon which Paradise Valley operated a country club, including golf course, swimming and tennis facilities. Paradise Valley's Plan of Reorganization was confirmed on October 8, 1981. It has not yet been completed.

Subsequent to the confirmation of the Plan, a dispute arose between the parties as to whether Paradise Valley was complying with various lease obligations, principally payment of rent and subletting restrictions. On July 28, 1982, Sun Valley commenced a Forcible Entry and Detainer action against Paradise Valley in the Arapahoe County District Court. The matter proceeded to trial and judgment was entered in favor of Sun Valley. A Writ of Restitution for the leased property was issued by the state court on November 22, 1982.

On November 18, 1982, Paradise Valley filed its complaint herein alleging that it was entitled to an interpretation by the bankruptcy court of the various lease obligations as the lease was a part of the confirmed Plan. Paradise Valley also requested a permanent injunction to prevent Sun Valley from interfering with the consummation of the Plan.

It is Sun Valley's position that Paradise Valley is barred from recovery in this adversary proceeding by the *res judicata* and collateral estoppel effects of the state court judgment.

Paradise Valley contends that the state court lacked subject matter jurisdiction of the forcible entry and detainer action because the bankruptcy court had exclusive jurisdiction over the property involved, at the time the state court lawsuit was commenced, by virtue of 28 U.S.C. Sec. 1471(d). Paradise Valley also argues that the state court judgment is void and of no effect because the commencement of the forcible entry and detainer action by Sun Valley was in violation of the automatic stay.

Paradise Valley concedes that should this Court find the state court had subject matter jurisdiction, Sun Valley's collateral estoppel argument will have merit because the issues raised in Paradise Valley's complaint have been fully litigated. Accordingly, the only issue before the Court at this time is whether the state court was deprived of jurisdiction by 28 U.S.C. Sec. 1471(d) or by the operation of the automatic stay.

■ The automatic stay of 11 U.S.C. Sec. 362 was not a bar to Sun Valley's state court suit because the stay was no longer in effect when the suit was commenced. A close reading of Sec. 362 reveals why this is so.

The automatic stay is not permanent. Section 362(c) specifies the time limits applicable to the automatic stay. It provides:

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

Confirmation of Paradise Valley's Chapter 11 plan vested all the property of the estate in the Debtor. 11 U.S.C. Sec. 1141(b). Therefore, under Sec. 362(c)(1) the stay of actions against property of the estate was no longer in effect because, after confirmation of the plan, the property was no longer property of the estate. *See In re Knight,* 8 B.R. 925 (Bkrtcy.Md.1981); *In re Berry,* 11 B.R. 886 (Bkrtcy.Md.1981).

Paradise Valley was granted a discharge upon confirmation of its plan. 11 U.S.C. Sec. 1141(d)(1)(A). Pursuant to Sec. 362(c)(2)(C) the stay of all other actions covered by Sec. 362(a) terminates when the debtor is granted a discharge. *In re Berry, supra.*

Since confirmation of a Chapter 11 plan has the dual effect of revesting the debtor with title to its property and discharging the debtor from all dischargeable pre-petition debts, there can be no further application of the automatic stay subsequent to confirmation.

Paradise Valley has also argued that the state court had no jurisdiction over the forcible entry and detainer action because it involved property of the Debtor over which this Court retained exclusive jurisdiction pursuant to 28 U.S.C. Sec. 1471(d). This argument is not persuasive.

The assumption of the lease by the Debtor in its Chapter 11 proceedings created a new, post-petition obligation of the reorganized entity. The lease obligations remained binding upon both Paradise Valley and Sun Valley and were not affected by the plan or its confirmation. It follows, that in the event of a breach of the lease by Paradise Valley, Sun Valley was entitled to a remedy as set forth in the terms of the lease and in accordance with applicable state law. The issue before the Court is whether, upon a post-confirmation breach of an obligation by the reorganized Debtor, Sun Valley was restricted to redressing the breach through the bankruptcy courts, on whether it could also seek relief through proceedings in the state court. I conclude that it would be incorrect to interpret 28 U.S.C. Sec. 1471(d) as precluding such a suit in state court.

The Bankruptcy Code contains no provision which expressly deals with the extent to which the bankruptcy court retains jurisdiction after confirmation of a Chapter 11 plan. Sections 1141, 1142, 1143 and 1144 address the effect of confirmation and some post-confirmation matters. These sections, and Section 1142(a) in particular, necessarily imply some retention of jurisdiction in the bankruptcy court, at least with respect to execution of the confirmed plan. One authority has stated that post-confirmation jurisdiction under the Code "appears generally to follow Chapter X procedure and should be interpreted in a manner consistent with Chapter X precedents." 5 *Collier on Bankruptcy* ¶ 1142.01 at 1142–4.

Under the Bankruptcy Act, courts interpreted post-confirmation jurisdiction relatively narrowly. Generally it was said that, even absent an express retention of jurisdiction in the plan, the Court retained jurisdiction to prevent interference with the execution of the plan and to aid in the operation of such plan. *In re Pittsburgh Terminal Coal Corp.,* 183 F.2d 520 (3d Cir.1950), *cert. denied, sub nom. Pittsburgh Terminal Realization Corp. v. Heiner,* 340 U.S. 904, 71 S.Ct. 280, 95 L.Ed. 654 (1950). However, broader retained jurisdiction was not implied, but was required to be specifically set forth in the plan. *In re Morgan & Morgan, Inc.,* 24 B.R. 518 (Bkrtcy.S.D.N.Y.1982).

Paradise Valley's confirmed plan did provide for reservation of jurisdiction by this Court in certain situations. Included were "[r]esolution of any dispute regarding the interpretation of this plan" and "[i]mplementation of the provisions of the plan and entry of orders in aid of confirmation of the plan, including, without limitation, appro-

priate orders to protect the Debtor from creditor action." Arguably, these provisions could have provided the jurisdictional basis for this Court to entertain a motion to enjoin Sun Valley from proceeding with its eviction suit in state court. However, nothing in this jurisdictional reservation suggests that Sun Valley was precluded from going to state court to enforce its lease. Once the Debtor has gone forward to trial in the state court and fully litigated all the issues relating to the alleged breach of lease, he cannot now come into this court and claim that the prior proceedings were void for lack of subject matter jurisdiction. The retained jurisdiction of this court to aid in the completion of the plan is not exclusive of the state courts' jurisdiction to remedy violation of contracts entered into by the reorganized Debtor.

To interpret 28 U.S.C. Sec. 1471(d) as precluding subject matter jurisdiction in the state courts in a case involving post-confirmation breach of a lease would be inequitable and would be contrary to long-standing policy not to keep the reorganized debtor indefinitely under the protection and supervision of the bankruptcy courts but to let it succeed or fail on its own, in accordance with and subject to state law. As was stated by the Court in *In re R. Hoe & Co., Inc.,* 93 F.Supp. 762 (S.D.N.Y.1950):

> It is well settled that the bankruptcy court should not and indeed cannot indefinitely keep 'leading strings' on or be a 'nurse' to reorganized concerns. The reorganized debtor was in 1935 sent 'out into the state as fully subject to state law as though the court had nothing to do with its creation.' The petitioner sought and failed to justify the intervention of the state court. He cannot, while pressing his appeal there, relitigate the same issues in this court. A less worthy appeal to the courts equity power is impossible to imagine. [footnotes omitted]

This policy was also set forth in *In re Morgan & Morgan Inc., supra,* as follows:

> [T]he debtor is not entitled to a permanent umbrella shielding it from all law suits while it makes its payments under the plan or arrangement. The court order of confirmation marked the commencement of the period when a debtor was weaned from dependence on the bankruptcy court's injunctive powers so as to stand on its own feet with respect to post-confirmation matters.

In summary, neither the automatic stay of Sec. 362 or the jurisdictional provision of 28 U.S.C. Sec. 1471(d) divested the state court's subject matter jurisdiction over Sun Valley's forcible entry and detainer action. As the issues which Paradise Valley seeks to bring before this Court were fully litigated in the state court action, collateral estoppel bars them from being relitigated in this adversary proceeding.

Therefore it is

ORDERED that Defendant Sun Valley's Motion for Summary Judgment is hereby granted and Plaintiff Paradise Valley's Motion for Summary Judgment is denied and the Complaint herein is dismissed, each party to pay its own costs.