In re Frank C. SNEDAKER, Debtor.

Bankruptcy No. 82–01266–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

April 20, 1984.

Reggie Sanger, Fort Lauderdale, Fla., for debtor.

John Kinsey, Miami, Fla., for creditor.

ORDER DENYING MOTION FOR
CONTEMPT CITATION

THOMAS C. BRITTON, Bankruptcy Judge.

 This chapter 11 debtor asks that a judgment creditor, North Carolina National Bank, be cited for contempt of an order confirming the debtor's plan. (C.P. No. 50). The motion was heard on April 17. It is denied. Because the State court has heard and, perhaps, will continue to hear facets of the issue before me, it may prove useful to state the basis for the foregoing ruling.

In May, 1982, the judgment creditor garnished the debtor's brokerage account. The service of the writ created a lien against the property. Florida Statutes, § 77.06; *In re Demountable House Corp.,* 58 F.Supp. 955 (S.D.Fla.1945). Before the creditor had obtained judgment in garnishment, the debtor filed a chapter 11 bankruptcy petition in June. The bankruptcy filing stayed the garnishment proceeding. 11 U.S.C. § 362(a). The debtor presented a

plan to this court which was confirmed in August 1983.

In the meantime, the creditor had filed an unsecured claim here for over $700,000. The claim was objected to and was reduced to $177,744 by this court in July 1983. The debtor's plan provides payment of 10% of the unsecured obligations over a 60 month period. This creditor accepted the plan.

The plan made no reference to the property which is subject to garnishment. It was not, therefore, affected by the plan or the confirmation order.

"After confirmation of a plan, the *property dealt with by the plan* is free and clear of all claims and interests of creditors, of equity security holders, and of general partners in the debtor, except as otherwise provided in the plan or in the order confirming the plan." 11 U.S.C. § 1141(c).

The confirmation order did discharge the debtor from this creditor's *unsecured* claim and replaced that claim with a right to enforce the terms of the confirmed plan. However, it had no effect on the creditor's *secured* claim. *In re Sillani*, 9 B.R. 188 (Bkrtcy.S.D.Fla.1981).

In September 1983, the debtor was granted a discharge by this court. The discharge memorialized but did not expand the effect of the confirmation order.

It follows that respondent's pre-petition lien was not affected by this bankruptcy nor does this bankruptcy impede respondent's right to enforce that lien.

██ There is another and perhaps more compelling reason the motion must be denied. After he obtained his discharge here, the debtor moved the State court to dissolve the garnishment writ. The motion was heard and denied in January 1984 by the State court. That decision is presently on appeal. It is clear from the State court's order and the transcript of the hearing that it passed squarely upon the issue presented here: the effect of the bankruptcy confirmation and discharge orders on the enforceability of the garnishment writ. Movant, therefore, is entitled to a second bite at the judicial apple if, but only if, this court has been granted exclusive jurisdiction to determine the effect of a bankruptcy discharge. I am satisfied that except for the determination of dischargeability under 11 U.S.C. § 523(a)(2), (4) and (6), which are not pertinent here, this court has merely concurrent rather than exclusive jurisdiction to determine the effect of a bankruptcy discharge. 11 U.S.C. § 523(c); 28 U.S.C. § 1471; *In re Paradise Valley Country Club*, 26 B.R. 990, 992–93 (Bkrtcy.D.Colo.1983).

It follows, therefore, that movant is collaterally estopped from relitigating the issue he tried and lost before the State court.