**In the Matter of Kenneth Douglas BROGDON a/k/a Buddy Brogdon, Debtor.**

**Kenneth Douglas BROGDON a/k/a Buddy Brogdon, Plaintiff,**

v.

**TEXAS COMMERCE BANK and Tampa Bay Federal Credit Union, Defendants.**

**Bankruptcy No. 86–5759. Adv. No. 87–22.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 28, 1987.

---

Bernard J. Morse, Tampa, Fla., for debtor.

Michael LaBarbera, Tampa, Fla., for Tampa Bay FCU.

William C. Guerrant, Tampa, Fla., for Texas Commerce Bank.

## ORDER ON MOTION FOR ORDER DIRECTING TURNOVER OF PROPERTY OF THE ESTATE

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion for Order directing Turnover of Property of the Estate, filed by Kenneth Douglas Brogdon a/k/a Buddy Brogdon (Plaintiff), the Plaintiff in the above-captioned adversary proceeding, who is the Debtor involved in this Chapter 13 case. The Court has considered the Motion, together with the record, heard arguments of counsel, and based on the undisputed record now finds and concludes as follows:

On December 9, 1986, Texas Commerce Bank (Texas Commerce) served a writ of garnishment on Tampa Bay Federal Credit Union (Tampa Bay). At the time the Writ of Garnishment was served, the Plaintiff, who was a member of Tampa Bay, had $3,198.45 on deposit with Tampa Bay. On December 10, 1986, Tampa Bay, by and through its attorney, filed its Answer to the Writ indicating that it was, in fact, indebted to the Plaintiff in the sum of $3,198.45. On December 12, 1986, the Debtor filed a Chapter 13 Petition under the Bankruptcy Code.

In due course the Debtor has made a demand on Tampa Bay for a turnover of the $3,198.45 alleging that the monies deposited were property of the estate by virtue of § 541 of the Bankruptcy Code. Tampa Bay has refused to release the funds on deposit to the Debtor. Texas Commerce claims it has a lien on the funds held by Tampa Bay by virtue of a Writ of Garnishment served on Tampa Bay on December 9, 1986.

These are the basic uncontested facts, which according to Texas Commerce validly encumber the funds held by Tampa Bay, a lien perfected prior to the commencement of the case; therefore, it should not be required to release its garnishment lien unless it receives adequate protection.

Under Florida law, which is controlling in this proceeding, any lien created by writ of garnishment takes effect on the day the writ is served. *In re Demountable House Corp.*, 58 F.Supp. 955 (S.D.Fla.1945); *In re Snedaker*, 39 B.R. 41 (Bankr.S.D.Fla.1984); *In re M.D.F., Inc.*, 39 B.R. 16 (Bankr.S.D. Fla.1984); *Fla.Stat.* § 77.06 (1981). Section 77.06 of the Florida Statutes provides in pertinent part as follows:

(1) Service of the writ shall make the garnishee liable for all debts due by him to the defendant and for any tangible or intangible personal property of defendant in his possession or control *at the time of service of the writ* or at any time between such service and the time of his answer.

Fla.Stat. § 77.06(1) (1981) (emphasis added).

Based on the foregoing, this Court is satisfied that the writ of garnishment served by Texas Commerce on Tampa Bay created a lien on Plaintiff's monies in the amount of $3,198.45 on December 9, 1986. The Motion for Order Directing Turnover of Property of the Estate should be denied without prejudice with leave granted to the Plaintiff to offer adequate protection, or in the alternative, such a determination of his claim of voidable preference alleged in Count II of his Complaint.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Order Directing Turnover of Property of the Estate be, and the same is hereby, denied.