In re Floyd Newton **COOPER,**
**Jr., Debtor.**

**R. Jay HARPLEY, Trustee, Plaintiff,**

v.

**Wilma HINES and Paine Webber,**
**Incorporated, Defendant.**

**Bankruptcy No. 91–16432–8P7.**
**Adv. No. 92–570.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 7, 1993.

Dennis J. LeVine, Tampa, FL, for plaintiff.

Steven M. Greenbaum, Miami, FL, for Paine Webber.

Douglas N. Menchise, Clearwater, FL, for Hines.

**ORDER ON MOTIONS FOR**
**SUMMARY JUDGMENT**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matters under consideration are two Motions

for Summary Judgment. One is filed by the Chapter 7 Trustee (Trustee), who is the Plaintiff, and the other by Wilma Hines (Hines) one of the named Defendants in the above-captioned adversary proceeding. It is the contention of both parties that there are no genuine issues of material fact and, therefore, this adversary proceeding may be resolved as a matter of law in their favor respectively.

The Court has considered the Motions, together with the record, and finds the undisputed facts relevant to a resolution of the issues are as follows:

On July 12, 1989, Hines initiated a lawsuit in the Pinellas County Circuit Court against Floyd Newton Cooper (Debtor) in which she sought to recover funds she claimed to have loaned the Debtor. In connection with that lawsuit, Hines obtained a pre-judgment writ of garnishment which in due course was served on Paine Webber, Incorporated (PW), a registered securities dealer, and well known stock brokerage firm. PW filed a response to the pre-judgment writ of garnishment and acknowledged that it held a securities account on behalf of the Debtor containing stocks valued at $44,536.

On January 10, 1991, the Circuit Court entered an order modifying the pre-judgment writ of garnishment, and ordered immediate distribution to the Debtor of any and all current and future income, interest or dividends earned by the securities held by PW for the Debtor since the date of the pre-judgment garnishment, pending further order of the court.

On November 11, 1991, the Circuit Court entered a final judgment in favor of Hines and against the Debtor in the principal amount of $89,128.00 on her contract claim against the Debtor. It is without dispute that the Debtor's account with PW throughout the state court proceeding through entry of the final judgment, remained titled in his name.

On December 23, 1991, the Debtor filed the Petition for Relief under Chapter 7 of the Bankruptcy Code and in due course R. Jay Harpley was appointed to serve as Trustee for the Debtor's estate. The Trustee filed the instant complaint seeking turnover of the funds in the Debtor's account held by PW. The Trustee also sought a declaratory order by the Court determining the rights and liabilities of the parties with reference to the funds held by PW in the account of Hines. Finally, Trustee sought in the alternative to avoid the garnishment lien held by Hines on the account at PW pursuant to 11 U.S.C. § 547.

These are the basic uncontested facts which according to the defendant, Hines, warrants a determination as a mater of law that she has a valid unavoidable lien on the funds held in the PW account. This is so, according to Hines, because under applicable law when the Final Judgment was entered it related back to the date the original writ was served.

Under the laws of this State, which are controlling in this proceeding, a lien upon property is created, albeit an inchoate lien, when a writ of garnishment is served upon the garnishee, who has control and possession of the property. A Final Judgment entered subsequent to the creation of the lien, in favor of a creditor will relate back to the day on which the garnishment was served upon the garnishee. *In re Demountable House Corp.*, 58 F.Supp. 955 (S.D.Fla.1945); *Florida East Coast Railway Co. v. Consolidated Engineering Co.*, 95 Fla. 99, 116 So. 19 (1928); *Matter of Brogdon*, 75 B.R. 79 (Bankr. M.D.Fla.1987); *In re Snedaker*, 39 B.R. 41 (Bankr.S.D.Fla.1984).

In the case at bar, Hines served the writ of garnishment on the account of the Debtor, which was held by the garnishee, PW. The Hines did not obtain a final judgment on the writ of garnishment against the garnishee, but instead obtained a final money judgment against the Debtor within the preference period. Based on the foregoing, this Court holds that Hines's final money judgment does in fact relate back to the date of service of the writ of garnishment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Sum-

mary Judgment is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by Hines is hereby granted, and the Complaint is hereby dismissed.

DONE AND ORDERED.