**In re Terrence W. TOPPIN, Debtor.**

**No. 01–33517–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

May 30, 2006.

Eric N. Assouline, Esq., Assouline & Berlowe, P.A., Dania Beach, FL, for Horwitz & Associates, Inc.

Jose R. Riguera, Esq., Berman, Kean & Riguera, P.A., Ft. Lauderdale, FL, for Debtor.

Deborah Menotte, West Palm Beach, FL, for trustee.

### ORDER DENYING DEBTOR'S MOTION TO ENFORCE DISCHARGE INJUNCTION AND FOR CONTEMPT

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on May 23, 2006, upon the debtor's Motion to Enforce Discharge Injunction and for Contempt. The Court, having reviewed the Motion, the response memorandum filed by Horwitz & Associates, Inc. ("Horwitz"), having considered the argument of counsel, and being otherwise fully advised in the premises, denies the debtor's Motion to Enforce Discharge Injunction and for Contempt, for the reasons set forth herein.

1. This is a contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure.

2. At the conclusion of the May 23, 2006 hearing, and based upon the submissions of the parties, the Court announced its findings of fact and made conclusions of law, which are incorporated by reference.

3. On or about March 9, 1999, the debtor was employed as an investment advisor of Horwitz, a registered securities broker-dealer. On July 3, 2001, and several months after the debtor's employment with Horwitz had terminated, the debtor filed his chapter 7 petition initiating this case. In his bankruptcy schedules, the debtor listed Horwitz as an unsecured creditor with a claim in the amount of $8,000, ostensibly unrelated to any claims

or assertions of securities fraud deriving from the debtor's employment by Horwitz or any representations made by the debtor to customers of Horwitz. Other than the $8,000 claim, no customer claims for securities fraud were listed in the debtor's schedules. Furthermore, none of the clients or customers of either the debtor or Horwitz were scheduled as creditors. On October 9, 2001, the debtor received his discharge. On October 31, 2001, the Trustee issued a Report of No Distribution, and the case subsequently was closed.

4. Beginning on or about September 9, 2002, seven of Toppin's clients who he serviced through Horwitz filed three (3) separate demands for arbitration with the National Association of Securities Dealers ("NASD") against Horwitz (Toppin was also named as a respondent in two of the three arbitrations), based upon various securities fraud violations allegedly committed by Toppin during the course of his employment with Horwitz as the clients' investment advisor. Thereafter, arbitration proceedings ensued before a board designated by the NASD against both the debtor and Horwitz. At no time during the course of the arbitration proceedings did the debtor contend that, by virtue of the issuance of his Discharge of Debtor prior to the commencement of the arbitration proceedings, he had been discharged as to any liabilities owed to his former clients. Furthermore, the debtor failed to list any of the seven former clients on his bankruptcy schedules, and also failed to list Horwitz as a creditor for any potential indemnification claim which Horwitz might have been able to assert against the debtor arising from the debtor's conduct as to the referenced clients.

5. Thereafter, Horwitz settled the referenced NASD arbitrations. Horwitz then sought to recoup these monies from the debtor through an indemnification agreement which the debtor executed upon entering employment with Horwitz. More specifically, on March 2, 2005, Horwitz commenced an action in the Circuit Court of Cook County, Illinois (the "State Court Action"), seeking damages from the debtor relating to the allegations of securities fraud. Apparently, at no time during the course of the state court litigation did the debtor either seek to dismiss the state court action based upon his Discharge of Debtor, or seek to enjoin the state court action by invoking the authority of this Court to enforce the discharge injunction imposed pursuant to 11 U.S.C. § 524(a)(2). Instead, the Debtor advised the state court that he wanted to have the State Court Action stayed and to compel arbitration before the NASD. On July 16, 2005, the court in the State Court Action issued an order granting the debtor's motion to compel arbitration as to Horwitz' claim (hereinafter "State Court Order").

6. Pursuant to the State Court Order, Horwitz filed an NASD arbitration against the debtor. The debtor moved to dismiss the Statement of Claim filed by Horwitz and raised, for the first time, the issue of the dischargeability of Horwitz' indemnification claim. The parties were given an opportunity to fully brief the issue of the dischargeability of the debt which Horwitz was seeking to enforce before the arbitrators, and a hearing was conducted before the arbitration panel. On March 21, 2006, the NASD panel rendered its decision wherein it denied the debtor's motion to dismiss the arbitration based upon the debtor's discharge (the "NASD Order").

7. On April 19, 2006, the debtor filed his motion to reopen his bankruptcy case, to enforce the discharge and for a finding of contempt against Horwitz.

8. This Court holds that the debtor was afforded a fundamentally fair opportunity to address the dischargeability

of the debts referenced in Horwitz' claims before the NASD. *See Sheldon v. Vermonty,* 269 F.3d 1202, 1206 (10th Cir.2001) (NASD arbitration panel has full authority to grant a pre-hearing motion to dismiss with prejudice based solely on the parties' pleadings); *Wise v. Wachovia Securities LLC,* 2005 WL 1563113 (N.D.Ill. May 4, 2005).

9. The Court further holds that, as to any liability that may be imposed against the debtor relating to claims raised by his former clients (who were neither scheduled nor listed on the debtor's bankruptcy schedules), no stay has been in effect through May 23, 2006.

10. Based upon the fact that the claims raised by Horwitz are those of unlisted and unscheduled debts, this Court does not have exclusive jurisdiction to address the merits of the debtor's Motion to Enforce the Discharge and Motion for Contempt. *See, In re Snedaker,* 39 B.R. 41, 42 (Bankr.S.D.Fla.1984) (movant is "entitled to a second bite at the judicial apple if, but only if, this court has been granted exclusive jurisdiction to determine the effect of a bankruptcy discharge"). Therefore, this Court's jurisdiction is, and has been, concurrent with that of the NASD arbitration panel. A decision of another tribunal with competent jurisdiction is fully enforceable in a bankruptcy court. Therefore, the NASD Order has a preclusive effect as to any subsequent determination to be made by this Court. *Id.*

11. As an additional basis for denial of the debtor's motion, the debtor did not avail himself of the opportunity to file a request to reopen his case to add omitted creditors. Local Rule 5010–1(B) sets forth the procedure whereby a debtor may move the Court to reopen his or her case to add omitted creditors. The procedure under Rule 5010–1(B) includes the filing of amended schedules and the commencement of an adversary proceeding to determine the dischargeability of the indebtedness owed to each omitted creditor. This procedure is available to a debtor even after his or her case has been administratively closed. In the instant case, the debtor failed to move to amend his schedules, and also failed to add the omitted creditors and to commence an adversary proceeding to determine the dischargeability of the claims for which Horwitz seeks indemnification. It should nonetheless be noted that even if the Debtor had followed this procedure, it is not certain that the debts relating to his former clients for securities fraud would have been discharged. Accordingly it is

**ORDERED:**

(a) The parties are not precluded from proceeding with the pending State Court Action and NASD arbitration against the debtor.

(b) The Debtor's Motion to Enforce Discharge Injunction and for Contempt is denied.