**In re BROOKFIELD TENNIS, INC., Debtor.**

**Bankruptcy No. 82–00133.**

United States Bankruptcy Court, E.D. Wisconsin.

Dec. 20, 1982.

Charles G. Crosse, IV, Herz, Levin, Teper, Sumner & Croysdale, S.C., Milwaukee, Wis., for debtor.

Thomas R. Streifender, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for FDIC.

## ORDER

C.N. CLEVERT, Bankruptcy Judge.

The Chapter 11 debtor, Brookfield Tennis, Inc., filed a motion on November 16, 1982, for an order enjoining the Federal Deposit Insurance Corporation (FDIC) from continuing its suit (*Federal Deposit Insurance Corporation v. David and Anne Adashek,* Case No. 82–C–0895), in the United States District Court for the Eastern District of Wisconsin, against David and Anne Adashek, officers of the debtor. By a letter written on November 19, 1982, the FDIC requested time to respond to the motion and an order was entered giving it until December 10, 1982, to file a responsive brief.

The debtor argued that its interest and the interest of the Adasheks were so mutual and interconnected that the continuation of the District Court action and the possible favorable result for the FDIC would place pressure on the debtor and ultimately hinder its reorganization effort. In support of its argument, the debtor stated that David Adashek was the president and a director of the debtor and that his duties included overseeing the day to day operations of the Highlander Racquet Club (which is leased to a related corporation) and generally functioning as the principal officer for the debtor. In addition, the debtor argued that David Adashek was active in its reorganization effort and was working closely with its counsel in the preparation of a revised disclosure statement. (Debtor's Brief, pages 2

and 3). The debtor also argued that Anne Adashek was a director of the debtor but did not indicate whether she was further involved in its affairs.

The FDIC claimed that this court lacks jurisdiction to enjoin further proceedings in the District Court, citing the Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipeline Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The FDIC also argued that even if the court had jurisdiction to grant the relief sought by the debtor, such relief was neither necessary nor appropriate. Now, after considering the foregoing arguments and the briefs of the respective parties, the debtor's motion will be denied.

### Jurisdiction

■ This court has found that the debtor has failed to properly invoke its jurisdiction as required by the Federal Rules of Bankruptcy Procedure. Rule 701 provides:

> The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to . . . (5) obtain an injunction. . . . Such a proceeding shall be known as an adversary proceeding.

Rule 703 then states:

> An adversary proceeding is commenced by filing a complaint with the court.

Here, the debtor filed a motion seeking the imposition of an injunction pursuant to 11 U.S.C. § 105 and did not commence an adversary proceeding as required by the Federal Rules of Bankruptcy Procedure. Consequently, the debtor has not properly invoked this court's jurisdiction.

In passing, it is also noted that the Supreme Court's decision in the *Marathon Pipeline* case has not gone into effect and that the same has been stayed until December 24, 1982. As a result, the broad powers granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1471 are still intact. *See, United States v. Security Industrial Bank,* —— U.S. ——, ——, fn. 5, 103 S.Ct. 407, 410, fn. 5, 74 L.Ed.2d 235 (1982). The FDIC's argument that the *Marathon* decision deprived this court of jurisdiction to hear matters of this nature is, therefore, without any merit.

### Failure of Proof

■ Even if the debtor had properly invoked this court's jurisdiction, the FDIC has correctly argued that the debtor has failed to demonstrate that this court should invoke its powers under 11 U.S.C. § 105.

Section 105 empowers Bankruptcy Courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of . . . [Title 11]." The debtor was, therefore, statutorily obligated to demonstrate that an injunction was necessary or appropriate in this case. *Otero Mills v. Security Bank & Trust (In re Otero Mills),* 21 B.R. 777 (Bkrtcy.N.M.1982); *Landmark Air Fund II v. Bancohio National Ohio (In re Landmark Air Fund II),* 19 B.R. 556 (Bkrtcy.N.D.Ohio 1982); *In re Larmar Estates, Inc.,* 5 B.R. 328 (Bkrtcy.E.D.N.Y.1980).

In *Larmar Estates,* the FDIC was attempting to continue a state suit against individual third party guarantors. Because the debtors were co-defendants in that action, the FDIC sought an order clarifying a superfluous order staying further proceedings by the FDIC against the debtors' property and a second, more general order, staying the FDIC from continuing or initiating other proceedings. The court observed that § 524(e) of the Code provided that a discharge in bankruptcy did not affect the liability of non-bankrupt co-debtors and that "even assuming that plans of reorganization will be confirmed [in *Larmar's* and *Medaf's* Chapter 11 cases], it would aid the guarantors only if the FDIC was paid in full under the plans." *Id.* at 331. The court then found that an order staying the FDIC pending the confirmation of Chapter 11 plans could only be entered if the debtors met the traditional test for issuance of preliminary injunctions:

> First, the possibility of irreparable harm if an injunction does not issue, and second, the probability that the party seeking the preliminary relief will succeed on the merits. *Sanders v. Airline Pilots Association, International,* 473 F.2d

244, 248 (2d Cir.1972); *Dino de Laurentiis Cinematografica S.p.A. v. D–150, Inc.,* 366 F.2d 373, 375 (2d Cir.1966), *Ibid.*

In applying those tests to that case, the court found that the debtors were not close to confirmation of their plans (i.e., the probability of success on the merits of the bankruptcy cases) and that the debtors had failed to demonstrate how, if at all, the FDIC's actions against the third party guarantors would adversely affect their reorganization efforts. *Id.* at 331–332.

Such is certainly the case here. The debtor filed a plan and proposed disclosure statement on July 6, 1982, however, this court refused to approve the disclosure statement as adequate under 11 U.S.C. § 1125, following a hearing on July 29, 1982. Since then, the court has not been made aware of any actions in this case which would suggest that confirmation of a reorganization plan is imminent. Nevertheless, the debtor's undisseminated plan and brief on this motion suggested that the debtor may be aided rather than harmed by the FDIC action against the Adasheks. If the Adasheks were to pay the FDIC, the debtor's plan indicated that the Adasheks would stand in the FDIC's shoes as a secured claimant and that payment would be made in full over a period of years from revenue generated through the sale of excess real estate owned by the debtor and revenue from a related corporation.[1] It follows that the debtor anticipated the continuation of the FDIC's efforts to recover from the Adasheks and, in the absence of any evidence to the contrary, it also stands to reason that the debtor would be in a better position to win creditor approval for its plan if it could deal with its officers and directors rather than an unrelated third party such as the FDIC. Therefore, the court has concluded that the debtor has failed to demonstrate that continuation of the FDIC's action against the Adasheks would result in irreparable harm or that it would be able to successfully reorganize but for the FDIC's action against the Adasheks.

For the above-stated reasons, it is ordered that the debtor's motion seeking the imposition of an injunction prohibiting the FDIC from continuing its action in Case No. 82–C–0895, pending in the United States District Court for the Eastern District of Wisconsin, be and the same hereby is denied.

---

1. The related corporation is American Leisure Associates Inc. for which David Adashek serves as president/director and Ann Adashek

serves as director (see p. 23, Joint Proposed Disclosure Statement filed July 6, 1982). (Case No. 82–00132 and Case No. 82–00133).