**In re PARADISE VALLEY COUNTRY CLUB, Debtor.**

**Civ. A. No. 83–K–496.**
**Bankruptcy No. 82–J–2375.**

United States District Court,
D. Colorado.

June 29, 1983.

William D. Nelsch, Denver, Colo., for plaintiff.

Arthur S. Bowman, Sr., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an appeal from a bankruptcy order which granted summary judgment in favor of defendant Sun Valley Development Company, and against plaintiff/debtor Paradise Valley Country Club. Bkrtcy., 26 B.R. 990. The facts are undisputed. Paradise Valley filed a Chapter 11 petition with the bankruptcy court on November 26,

1980. On March 6, 1981 the bankruptcy court approved plaintiff's assumption of a lease between it and Sun Valley to renew a lease of real property on which it operated a country club. The Reorganization Plan was confirmed on October 8, 1981 and has not yet been completed. About nine months after confirmation of the plan, Sun Valley accused Paradise Valley of not complying with lease obligations and filed a Forcible Entry and Detainer action in Arapahoe County District Court. The matter proceeded to trial and, after four days of hearings held between mid August and mid November, judgment was entered in favor of Sun Valley. After the Arapahoe Court hearing concluded, Paradise Valley filed a complaint with the bankruptcy court alleging that only the bankruptcy court could render an interpretation of the lease obligations, and requested a permanent injunction to prevent Sun Valley from interfering with the consummation of the plan.

Paradise Valley asserted that the bankruptcy court had exclusive jurisdiction over the property involved, pursuant to 28 U.S.C. § 1471, and that the state court judgment was void because the forcible entry and detainer action was in violation of the automatic stay. Sun Valley argued that Paradise Valley was barred from recovery in bankruptcy court by the res judicata and collateral estoppel effects of the state court judgment. Paradise Valley conceded that the issues raised in its complaint had already been fully litigated. Therefore, Judge Brumbaugh framed the issues to be considered as whether the state court was deprived of jurisdiction by 28 U.S.C. § 1471 or by the operation of the automatic stay. After discussing applicable statutes and case law, he determined "neither the automatic stay of Sec. 362 or the jurisdictional provision of 28 U.S.C. § 1471(d) divested the state court's subject matter jurisdiction over Sun Valley's forcible entry and detainer action." He further held that collateral estoppel barred these issues from being relitigated in the bankruptcy court.

■ Bankruptcy Rule 810 requires that the bankruptcy judge's findings be upheld by the reviewing court unless they are clearly erroneous. *Farmers Co-Op Ass'n of Talmage, Kansas v. Strunk,* 671 F.2d 391 (10th Cir.1982). In the instant case I conclude that Judge Brumbaugh's findings were not clearly erroneous and the judgment will be upheld.

■ The specific instances in which a stay will or will not be effective are listed in 11 U.S.C. § 362(a) and (b). Section 362(c) outlines the duration of a stay already in operation:

(1) the stay of an act against property of the estate under section (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under Chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

Judge Brumbaugh found that pursuant to 11 U.S.C. § 1141(b), the confirmation of the plan vested all property of the estate in the debtor, and that the stay was therefore not in effect under 362(c)(1) when the suit was commenced. Further, 11 U.S.C. § 1141(d)(1)(A) states that confirmation of a plan discharges the debtor, which also renders a stay ineffective under 11 U.S.C. § 362(c)(2)(C). Numerous courts have come to similar conclusion. For example, in *In re Westholt Manufacturing, Inc.,* 20 B.R. 368, 372 (Bkrtcy.Kan.1982) Chief Judge Robert Morton held:

The automatic stay of section 362 remains in effect while a Chapter 11 plan is pending confirmation. Upon the plan's confirmation, and simultaneous discharge of the debtor under section 1141(d), however, the automatic stay terminates pursuant to section 362(c) and creditors may proceed to collect post-confirmation debts from the debtor, thereby terminating the estate's existence, although the court has

continued jurisdiction under section 1142 to oversee the plan's execution.

In the instant case Judge Brumbaugh correctly concluded:

> Since confirmation of a Chapter 11 plan has the dual effect of revesting the debtor with title to its property and discharging the debtor from all dischargeable prepetition debts, there can be no further application of the automatic stay subsequent to confirmation.

 The second argument by the debtor involves the extent of jurisdiction granted to the bankruptcy courts under 28 U.S.C. § 1471(d). Judge Brumbaugh's order acknowledged that provisions in the confirmation plan might have provided a jurisdictional basis for the bankruptcy court to entertain a motion to enjoin Sun Valley from proceeding with an eviction suit in state court. The order also states, however, that the plan did not preclude Sun Valley from going to state court to enforce a newly created post-petition obligation. This is exactly what Sun Valley did, and Paradise participated in litigating the issue over a four month period before raising the jurisdiction issue after receiving an unfavorable judgment. I agree with the bankruptcy court holding that "[t]he retained jurisdiction of this court to aid in the completion of the plan is not exclusive of the state courts' jurisdiction to remedy violation of contracts entered into by the reorganized debtor." Several other jurisdictions have made similar findings, including the District of Oklahoma which held that the statutory language of Section 1471 distinguishes between cases "under Title 11" which deal with the courts' exclusive jurisdiction of bankruptcy cases in 1471(a), and "civil proceedings related to or arising in those cases" which deals with original but not exclusive jurisdiction in 1471(b). *In re Unit Parts Co.,* 9 B.R. 386, 389 (D.C.D.Okl.1981); citing 1 *Collier on Bankruptcy,* 3–37. See also *In re J.T. Gerken Trucking, Inc.,* 10 B.R. 203 (Bkrtcy.N.Y.1981), (bankruptcy court does not have jurisdiction over a controversy arising from the post confirmation breach of a contract adopted by the debtor in its plan of arrangement); *In re Hawaii Mini-Storage Systems, Inc.,* 4 B.R. 489 (Bkrtcy.Haw.1980), 1471(b) provides original but not exclusive jurisdiction for civil proceedings arising under the Code or arising in or related to cases under the Code.

I also approve of Judge Brumbaugh's reliance on the recent case of *In re Morgan and Morgan, Inc.,* 24 B.R. 518 (Bkrtcy.S.D. N.Y.1982) which states:

> [T]he debtor is not entitled to a permanent umbrella shielding it from all lawsuits while it makes its payments under the plan of arrangement. The order of confirmation marked the commencement of the period when a debtor was weaned from dependence on the bankruptcy court's injunctive powers so as to stand on its own feet with respect to post-confirmation matters.

IT IS ORDERED that the bankruptcy court memorandum opinion and order is affirmed.