In the Matter of **ALLIED TECHNOLO-GY, INC., Debtor**

v.

**R.B. BRUNEMANN & SONS, INC.** Successor in interest to Brunemann Realty Co., Inc., Plaintiff.

**Bankruptcy No. 3–80–00669.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 5, 1984.

M. Michele Fleming, Cincinnati, Ohio, for plaintiff.

Pierce E. Cunningham, Cincinnati, Ohio, William A. Rogers, Jr., and Daniel Harman, Dayton, Ohio, for P.O.B., Inc.

Peter J. Donahue, Katherine Warwick, Dayton, Ohio, for debtor.

C. Francis Barrett, Cincinnati, Ohio, for R.B. Brunemann.

Dennis J. Patterson, Dayton, Ohio, for Cred. Comm.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before this court upon a "motion of P.O.B. ["POB"], Inc. For Enforcement of Court Order" filed 14 September 1984 with Memorandum attached and "Memorandum of R.B. Brunemann & Sons, Inc. ["Brunemann"] in Opposition to P.O.B. Inc's Motion for Enforcement of Court Order" filed 2 October 1984.

Disposition of the issues raised can be effected without an evidentiary hearing and a judicial determination of facts argued in the memoranda which allege or assume the existence of facts not already of record or contained in prior pleadings. (Not unlike the "speaking demurrers" condemned by both common law and code pleading)

### DECISION

The motion filed on September 14 stems from a Decision and Order by this court, 25 B.R. 484, entered on 3 December 1982. The judgment order reads, as follows:

"In accordance with the Decision and Order entered this date, Debtor's Application to assume the subject lease is APPROVED; the Unsecured Creditors' Committee's Application to subordinate any assumed claim is DENIED; Lessor is found to have acted in contempt of this Court's jurisdiction, and therefore ORDERED to reimburse Debtor for all attorney fees and litigation expenses incurred in connection with both the defense of the state court action and the protection of Debtor's rights before this Court in Adversary No. 3–82–0522; and the subject lease is determined to have been cured in satisfaction of 11 U.S.C. § 365(b), and Lessor is therefore ENJOINED from any further action to collect any claim based upon the subject lease arising prior to assumption of the lease."

This judgment was appealed by Brunemann and is pending on appeal in the Unit-

ed States District Court, Case No. C–3–83–019.

The issues as framed by the arguments of counsel submitted may be abstracted as follows:

POB now argues that Brunemann "has not been content to follow the judicial path of appeal required by law. Brunemann instead engaged in a persistent and continuous course of conduct calculated to moot the appellate process and subvert this Court's Judgment and Order by engaging in a pattern of harassment of POB, the lawful assignee of the Debtor." After cataloging a long and involved series of events, "POB requests that the Court order Brunemann to dismiss its forcible entry and detainer action, cease taking actions designed to evade the Judgment and the Order, award POB attorneys' fees and costs, assess punitive and compensatory damages for Brunemann's second violation of the automatic stay and the Order of Confirmation of the Debtor's Plan [entered on 17 August 1981] and its contempt of the Order and the Judgment and such further relief to which POB appears entitled."

Brunemann as Lessor of an assigned lease counters by asserting postconfirmation and postassumption violations of the lease, allegedly not involved in the decision pending on appeal, as follows: "The pending appeal may determine whether the lease was subject to assumption and whether the lessor should have been punished for attempting to evict POB for a pre-assumption breach by the debtor-assignor. It will not and cannot, however, have any effect on the lessor's right to pursue its rights against the nondebtor assignee for post-assumption breaches."

Assuming the facts as argued by Brunemann would constrain this court to agree with the arguments of respondent as a matter of law. Axiomatically, the bankruptcy court has no business delving into issues which can more properly be resolved by application of state law in the state courts, particularly after an order of confirmation, unless to enforce its own judgments and decrees, including confirmation orders.

Hence, the only issue to be resolved *instanter* is whether the actions by Brunemann are in final analysis directly, or indirectly as a subterfuge, to evade the force or effect of this court's order of December 3, 1982, pending on appeal.

Adverting to the December 3 decision (finding postconfirmation jurisdiction) reveals findings against Brunemann which arouse by *innuendo* considerable suspicion that there is the possibility respondent "has not been content to follow the judicial path of appeal required by law," as argued by POB.

From that decision, as reported in 25 B.R. 484, (which also involved a forcible entry and detainer action in a state court), we note, from page 501, the finding, as follows:

It is the determination of this Court that Lessor's state court action is blatantly violative of both this Court's Order of Confirmation of Debtor's Plan, and of the automatic stay of 11 U.S.C. § 362(a)(1). In the state court action, Lessor essentially requests resolution of a claim pending before this Court. The claim is vested within this Court's jurisdiction pursuant to 28 U.S.C. § 1471, as retained within the Court's postconfirmation jurisdiction by specific provision within the Plan of Reorganization, which is binding upon Lessor. 11 U.S.C. § 114(a). Furthermore, since this claim has not yet been discharged, and no request for relief from stay has been filed, the automatic stay of 11 U.S.C. § 362(a)(1) has therefore been in effect continuously since commencement of the instant bankruptcy case. 11 U.S.C. §§ 362(c)(1)(C) and (d), and 1131(d)(1).

\* \* \* \* \* \*

It is the further determination of the Court that Lessor's action constitutes misconduct, and as such should be sanctioned as contempt of Court. 11 U.S.C. § 105. Lessor was fully cognizant of the posture of the questions being litigated before this Court. No reasonable interpretation of these proceedings, (which the Court notes are binding upon Lessor, 11 U.S.C. § 1141(a)), could justify com-

mencement of a nonbankruptcy proceeding regarding identical issues for which this Court's determination would necessarily be *res judicata.* Such attempted collateral attack, though disguised by legal artifice, should be recognized as such and should not be tolerated.

The issues thus posed, nevertheless, are not justiciable in the bankruptcy court as trial court. The effect and enforcement of the order of confirmation has previously been determined by the judgment of December 3, 1982. If jurisdiction now lies in the federal court, such pertains only to enforcement of the same previous bankruptcy court judgment now on appeal. In this sense it would appear that both parties are glossing over the appellate process.

In this new era of bifurcated jurisdiction requiring compensation for attorneys' fees and other administrative expenses for dual representation, it would appear expedient in all cases as a matter of efficiency in judicial administration and the multiplied expenses of litigants that the bar owes a professional responsibility to clients after the appellate process to the district judges has been involved to concentrate all efforts in that process. The alternative and duplicative expense of litigation before the bankruptcy judges of non-core matters necessarily and ultimately awaits a district judge consideration. Furthermore, the veneer of constitutionality is an imminent hazard that litigants already in an economical disaster cannot tolerate. Both the federal Rules of Bankruptcy Procedure and the Rules of Appellate Procedure contemplate and anticipate judgment stay or injunction relief by the appellate court. See Bankruptcy Rule 8005 and Appellate Rule 8. The Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, casts a new perspective upon both the Bankruptcy and the Appellate Rules and the meaning and significance of the alternative relief afforded when it "is not practicable" (under Rule 8) to seek relief in the bankruptcy court. A district judge is now empowered to sit both as trial judge and appellate judge and logic dictates that he should not be required to change wigs merely further to exhaust the resources of the courts and the resources of the litigants.

Jurisdiction for sanctions for contempt of court for violation of the order on appeal must now stem from Part VII of the Rules of Bankruptcy Procedure. Only after a stay of the judgment and order under appeal has been granted, or there has been approved by the trial court (or appellate court) a supersedeas bond pursuant to Rule 8005, may enforcement sanctions be sought.

Accordingly, no stay of the judgment now subject to the appellate process having been sought, the motion filed on September 14, 1984, should be and is hereby DISMISSED for want of jurisdiction in the bankruptcy court.