**In re Richard C. ERNST and R.C.E. Corporation, Debtors.**

**Bankruptcy Nos. 3–82–2167, 3–82–2306.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 15, 1985.

---

John Flanery, Minneapolis, Minn., for Sawyer Lumber.

Michael R. Stewart, Minneapolis, Minn., for Norwest Bank Central.

Richard Anderson, Minneapolis, Minn., for the Debtors.

Timothy Hassett, Roseville, Minn., for Capitol Life Ins. Co. (Capitol).

### MEMORANDUM ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court for hearing November 27, 1984, on motion by Capitol Life Insurance for relief from the automatic stay imposed by 11 U.S.C. § 362(a). John Flanery appeared representing Sawyer Lumber; Michael R. Stewart appeared representing Norwest Bank Central; Richard Anderson appeared representing the Debtors; and Timothy Hassett appeared representing Capitol Life Insurance Company (Capitol). Based on the Court file, arguments and memoranda of counsel, the Court makes this Order pursuant to the Rules of Bankruptcy Procedure.

### I.

These two Chapter 11 cases, Richard C. Ernst BKY 3–82–2167 and R.C.E. Corporation BKY 3–82–2306, are companion cases consolidated for purposes of administration and distribution. A consolidated plan of reorganization was confirmed by the Court on November 22, 1983. By terms of the plan, the Debtors were required to make certain payments to Capitol to satisfy the allowed amount of its secured claim. Capitol has a validly perfected mortgage on certain real estate owned by the Debtors, commonly known as the River Boat Center. All payments required by the plan have not been made to Capitol and the Debtors are in substantial default. Capitol wishes to foreclose its mortgage.

The threshold issue is whether the § 362 stay remains in effect post-confirmation. The Court concludes that it does not. Accordingly, the motion presents a moot question.

### II.

The filing of a petition in bankruptcy automatically imposes a stay prohibiting creditors from taking action against a debtor and property of the debtor's estate. See: 11 U.S.C. § 362(a). Pursuant to § 362(c), the stay remains in effect with respect to estate property until that property is no longer property of the estate. See: 11 U.S.C. § 362(c)(1). Regarding acts against the debtor, the stay remains in effect until: (1) the case is closed; (2) the case is dismissed; or (3) a discharge is granted or denied. See: 11 U.S.C. § 362(c)(2)(C).

Upon confirmation of a plan of reorganization, the automatic stay is ordinarily terminated because all of the prerequisites of § 362(c) have been satisfied. *U.S. v. Redmond (In re Redmond)*, 36 B.R. 932 (D.Kan.1984); *In re Paradise Valley Country Club*, 31 B.R. 613 (D.Colo.1983); *In re Westholt Mfg., Inc.*, 20 B.R. 368 (Bankr.Kan.1982); *but see, Allied Technologies v. R.B. Brunemann & Sons, Inc., (Matter of Allied Technologies, Inc.)*, 43 B.R. 304 (Bankr.S.D.Ohio 1982). 11 U.S.C. § 1141 details the effect of confirmation on the debtor and the property of the debtor's estate. It reads in pertinent part:

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of the plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation and any debt of a kind specified in section 502(g), 502(h), 502(i) of this title, 11 U.S.C. § 1141(b) and (d) (1979 and supp.1983).

All estate property is vested in the debtor at confirmation, except as the plan specifically provides otherwise. Accordingly, in the absence of a plan provision retaining property in an estate, the estate ceases to exist. Here, the Debtors' plan has no property retention provision and all estate property vested in the Debtors on confirmation, subject to treatment as provided in the plan. There is no longer an estate in this case.

The remaining question is whether the stay continues post-confirmation enjoining acts against the Debtors. Debtors argue that it does. First, they say, the confirmed plan contains a broad retention of jurisdiction in the Bankruptcy Court and provides for specific remedies upon default. Since the Bankruptcy Court has retained jurisdiction over the plan to enforce its terms and conditions, Debtors argue that the § 362 stay must remain in effect to permit the Court to exercise control over the case pursuant to its retained jurisdiction. Second, Debtors argue that to the extent the plan provides for repayment of claims, those claims were not discharged and the stay was not terminated under § 362(c)(2)(C) with respect to those nondischarged debts.

Retention of jurisdiction in a bankruptcy case post-confirmation cannot operate to continue the § 362 stay. The stay is imposed automatically by operation of law and is terminated automatically by operation of law unless relief is given sooner pursuant to § 362(d). When the stay is terminated as to acts against a debtor who has received a discharge, it is replaced by an injunction prohibiting action against him to recover or offset his discharged debts. See: 11 U.S.C. § 524(a)(2).

The effect of confirmation is to discharge the entire preconfirmation debt, replacing it with a new indebtedness as provided in the confirmed plan. The plan is essentially a new and binding contract, sanctioned by the Court, between a debtor and his preconfirmation creditors. See: *In re Paradise Valley Country Club, supra.*

Retention by the Bankruptcy Court of jurisdiction in the case post-confirmation merely continues availability of the Court as a forum for resolution of questions regarding administration of the plan and disputes that might arise under it. But it is not in all instances the only forum available to interested parties.

Unless the matter at issue is within the exclusive jurisdiction of the Bankruptcy Court, the mere reservation of jurisdiction in the case by the Bankruptcy Court post-confirmation does not foreclose the right of a party to seek his remedy upon default under the plan in a state court having jurisdiction over the subject matter of the dispute.[1] Furthermore, since the confirmed plan represents a new indebtedness, neither the § 362 stay nor § 524 injunction applies and no relief need be obtained from the Bankruptcy Court prior to the commencement of the state court action. Accordingly, as here, where a default exists in payments to a secured creditor pursuant to a confirmed plan, the affected creditor is not prevented from seeking foreclosure of the security in a state court based on the default just because the plan reserves jurisdiction in the Bankruptcy Court regarding the plan and its administration.[2] The

1. Such a matter within the exclusive jurisdiction of the Bankruptcy Court would be the allowance of a prepetition claim against a debtor. For instance, if a debtor pays post-confirmation on a claim scheduled without regard to a larger amount asserted in a properly filed claim, and the affected creditor sues in a state court to determine the amount of his claim, the debtor is entitled to have the matter resolved in the Bankruptcy Court. But his remedy is to file an objection to the claim in Bankruptcy Court and seek dismissal of the state court action for lack of jurisdiction.

2. Article X of the Plan provides in pertinent part:
... The Bankruptcy Court will retain jurisdiction until this Plan has been fully consummated for the following purposes (but such is not a limitation) to the extent the same are appropriately heard by the Bankruptcy Court.
C. ... [D]etermination of all causes of action, controversies, disputes or conflicts, whether or not subject to pending action as the date of confirmation, between the Debtor and any other party, including but not limited to, any right of the Debtors to recover assets

Bankruptcy Court's retained jurisdiction is not exclusive as to the issue of default or remedies upon default.

### III.

Based on the foregoing, the Court holds that the § 362 stay automatically terminated in this case upon confirmation of the Debtors' joint plan of reorganization. There is presently no stay in effect regarding actions based on the plan against either the Debtors or their property. Furthermore, the jurisdiction retained by the Bankruptcy Court post-confirmation is not exclusive with respect to the adjudication of default or remedies upon default concerning Capitol's mortgage.

■ This neither impairs the Debtors' ability to carry out the plan nor strips them of the continuing protection of the Bankruptcy Court. What it does is place the burden on the Debtors to affirmatively seek relief and protection in the Bankruptcy Court should circumstances warrant it. The Court's removal powers under 28 U.S.C. § 1452 and its injunctive powers under 11 U.S.C. § 105 are unaffected solely by confirmation of a plan of reorganization, and remain available upon proper application for as long as the Court has jurisdiction in the case.

■ Capitol wishes to foreclose its mortgage on the Debtors' real estate based upon default of payment due it under the Debtors' plan. Believing that the § 362 stay remained in effect post-confirmation, Capitol sought relief from the stay by the motion now before the Court. The Debtors do not deny default under the plan, but claim: substantial equity in the property; substantial enhancement of its value by

pursuant to the provisions of the Bankruptcy Code.
E. The modification of the Plan after confirmation pursuant to the Bankruptcy Rules and Bankruptcy Code.
F. To enforce and interpret the terms and conditions of this Plan.
G. To shorten or extend, for cause, the time fixed for doing of any act or thing under the Plan, on notice or ex parte, as the Court shall determine to be appropriate.

reason of the Capitol mortgage being assumable; the necessity for the recovery of the Debtors' equity in property to fulfill the terms of the plan; and their good-faith efforts to obtain a prompt sale.

The Debtors have not sought to modify their plan or obtain an extension of time to perform their obligations to Capitol. Both of these remedies are provided in the plan. Both are within the exclusive jurisdiction of this Court. Although the Debtors have not specifically asked the Court to enjoin foreclosure by Capitol pending an attempt to modify the plan or obtain an extension of time to perform, the Court arguably has the authority to do so under the circumstances of the matter as brought before it.

It is noteworthy that the plan was confirmed by Order of the Court on November 22, 1983, more than one year ago. Prior to the hearing on confirmation, Capitol objected, asserting that the plan was not feasible and would likely be followed by liquidation or the need for further financial reorganization. Various other creditors made the same objections. Nevertheless, the Debtors were afforded the opportunity to attempt the plan and creditors have been delayed since.

Apparently, the Debtors have been attempting to sell the property secured by Capitol's mortgage for some time, but have been unsuccessful. Capitol's motion now before the Court was heard November 27, 1984, and has been under advisement since then.

In light of the history and status of the case, the Debtors would need to show substantial unforeseen and uncontrollable intervening circumstances to justify either

Although the jurisdiction reserved to the Bankruptcy Court pursuant to the Plan is broad, the language cannot be interpreted fairly as *restricting* aggrieved parties to the forum of the Bankruptcy Court in pursuit of their remedies on default. Such a limitation would substantially impact the rights of creditors and should not be inferred.

modification of their plan or extension of time to perform over the objections of adversely affected creditors. The Debtors have enjoyed the continuing protection of the Bankruptcy Court for a great length of time. Although Chapter 11 of the Bankruptcy Code is intended to protect a debtor from creditors by allowing him a reasonable period of time for a proper and feasible reorganization, it is not intended to shield a debtor indefinitely from his creditors and the realization of their legitimate claims.

According to the Debtors' implicit representations in November of 1983, their reorganization was complete upon confirmation of their plan. There is nothing before the Court at this time to indicate that circumstances would now justify modification of the plan or extension of time to perform their obligations under it. Therefore, it appearing that the Debtors do not have a substantial likelihood of modifying their plan or extending the period of performance over objections of adversely affected creditors, the Court deems it inappropriate to enjoin Capitol from foreclosing its mortgage in the proper state court forum.

### IV.

Based on the foregoing, the motion of Capitol Life Insurance Company for relief from stay to foreclose its mortgage on Debtors' property must be dismissed as moot, there being no § 362 stay in effect either against the Debtors or the subject property. Although the Debtors' response to the motion might be fairly characterized as a request for an Order enjoining foreclosure, the Court believes that such an injunction would be improvidently issued on the existing record and, therefore, no injunction should issue.

**THEREFORE, IT IS HEREBY ORDERED** the motion of Capitol Life Insurance Company for relief from the § 362 stay to foreclose its mortgage against Debtors' property known as the River Boat Center is dismissed as moot.