**In the Matter of PAN AMERICAN SCHOOL OF TRAVEL INC., f/k/a Escuela Pan American De Viajes of Washington Heights, Inc., d/b/a Pan American School of Travel, Inc., Debtor.**

No. 82 B 10907.

United States Bankruptcy Court,
S.D. New York.

March 7, 1985.

Finkel, Goldstein & Berzow, by Neal M. Rosenbloom, New York City, for debtor.

Brumbaugh, Graves, Donohue & Raymond by Doreen J. Leavens, New York City, for Pan American World Airways, Inc.

## OPINION AND ORDER

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

In the seemingly never-ending stream of proceedings raising the issue of whether a matter is properly before the bankruptcy court pursuant to 28 U.S.C. § 157 (1984), the primary issue here is whether an action seeking injunctive relief against a debtor-in-possession for alleged trademark infringement and unfair competition, which has been purportedly removed to this Court pursuant to 28 U.S.C. § 1478 (1978), is a core or related proceeding, when the debtor's plan of reorganization has been confirmed pursuant to 11 U.S.C. § 1129 (1984).

### I.

The debtor operates a school that offers instruction preparing students to serve as travel agents. It has employed the name Pan American for several years. It filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* (1978) (the "Code") on May 17, 1982.

Pan American World Airways, Inc. ("Pan Am"), on June 21, 1984, sought relief from the automatic stay imposed by § 362 of the Code in order to commence an action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

(1982). It seeks injunctive relief, attorneys fees and costs on the grounds that the debtor's use of the name Pan American and of a globe superimposed with an airplane and use of other characters infringed certain of Pan Am's trademarks and constituted unfair competition. By order of July 13, 1984, this Court modified the automatic stay to permit Pan Am to bring such an action on or after October 5, 1984. By that time, the debtor was expected to have prepared and served its disclosure statement and to have brought its plan of reorganization on for hearing. The order observed that for purposes of the motion it appeared that the infringement, if any, seemed to concern use of the globe and name. Apparently attempting to forestall the litigation, the debtor seized on that portion of the order and voluntarily ceased using the globe, submitting an order to that effect which was entered on September 10, 1984.

Pan Am commenced its suit in the United States District Court for the Southern District of New York on January 21, 1985. The debtor seeks, pursuant to § 105 of the Code to have the order of July 13, 1984 vacated and Pan Am stayed from pursuing its suit or, alternatively, to remove that suit to this court. It claims that the cost of litigation will be detrimental to its ability to survive post confirmation, denies the allegations of infringement and unfair competition and asserts an estoppel defense. The order of confirmation would reserve jurisdiction, if any, in this Court to entertain the action if remand is not ordered.

### II.

■ The branch of the motion requesting this Court to reconsider and vacate its order of July 13, 1984, is without merit. Rule 9023 of the Bankruptcy Rules of Procedure, in its incorporation of Rule 59 of the Federal Rules of Civil Procedure ("F.R. C.P."), requires that a motion for reconsideration be brought within ten days. Although the debtor, in its brief, refers to F.R.C.P. 60(b) under which the motion would be timely, none of the grounds re-

quired by Rule 60(b) (e.g., fraud, mistake, etc.) are alleged.

The debtor's reliance on § 105 of the Code and its vesting this court with power to make such orders "necessary or appropriate to carry out the provisions of this title" is also without merit. Aside from the impropriety of generally employing this omnibus section in derogation of the limitations of specific rules, *see e.g., In re Brookfield Tennis, Inc.,* 29 B.R. 1, 2 (Bankr.E.D. Wis.1982), it would be totally improper at this stage to reimpose permanently, or even temporarily the automatic stay. *See In re Colin Hochstin Co.,* 41 B.R. 322 (Bankr.S.D.N.Y.1984).

■ Moreover, what is at issue in Pan Am's lawsuit is not an attempt to collect a pre-petition debt but the propriety of an injunction barring further alleged infringement and unfair competition by a debtor whose plan has been confirmed and who thus has rejoined the real world of post-reorganization life. A debtor is not to be insulated from its post-confirmation liabilities merely because it was successful in reorganizing its affairs and composing its debts. *In re R. Hoe & Co., Inc.,* 93 F.Supp. 762 (S.D.N.Y.1950); *In re Paradise Valley Country Club,* 26 B.R. 990, 992, 10 B.C.D. 139, 140 (Bankr. Colorado 1983); *aff'd* 31 B.R. 613 (D.Colo.1983).

### III.

■ For the same reason, Pan Am's suit seeking injunctive relief must be remanded to the district court. This Court lacks jurisdiction to hear it notwithstanding the purported reservation of jurisdiction. 28 U.S.C. § 1478 governs removal of cases to the bankruptcy courts, permitting removal when the bankruptcy court has jurisdiction over the cause of action. We need not decide whether the enactment of the Bankruptcy Amendments and Federal Judgeship Act implicitly repealed 28 U.S.C. § 1478, for that suit does not arise under the Bankruptcy Code and does not arise in and is not related to cases under the Bankruptcy Code. Pursuant to the Bankruptcy Amend-

ments and Federal Judgeship Act of 1984, P.L. 98–353 (July 10, 1984),

> 28 U.S.C. § 1334 was amended to provide the district courts with jurisdiction over all 'cases under title 11' and 'all civil proceedings arising under title 11 or arising in or related to cases under title 11.' Pursuant to 28 U.S.C. § 157(c), the district courts are permitted to refer all such cases and proceedings to bankruptcy judges.... [B]ankruptcy judges are empowered by 28 U.S.C. § 157(b) to 'hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11' which are so referred.

*In re Lion Capital Corp.,* 46 B.R. 850 (Bankr.S.D.N.Y.1985) (footnotes omitted).

The debtor's assertion that Pan Am's suit is a core proceeding cannot be sustained. That action, seeking to enjoin a post-confirmation debtor from infringing its trademarks and from unfairly competing with it bears no relation to the administration of the bankruptcy estate or to any of the other categories of core proceedings contained in 28 U.S.C. § 157(b). Nor is there any other nexus to the bankruptcy. While such a relationship to estate administration, as is provided in § 157(b)(2)(A), might have existed pre-confirmation, *Cf. In re Lion Capital Group, supra,* that relationship ended upon entry of an order of confirmation. The assertion that the costs of defending the action might impact the debtor's ability to consummate its confirmed plan is simply not enough. Were that so, the plan should not have been confirmed. *See,* 11 U.S.C. § 1129(a)(11). More importantly, with the debtor having confirmed its plan, there is no need for bankruptcy court involvement since the action seeks only to bar future conduct in the post bankruptcy period. Upon confirmation, the debtor was revested with the property previously held by it as debtor-in-possession. It is free to conduct its business without the constraints of the Bankruptcy Code. It is similarly liable for post-confirmation obligations and conduct in courts of appropriate jurisdiction. *In re R. Hoe & Co. Inc., supra.*

Not only is the Pan Am suit not a core proceeding, it is also not a related proceeding.

An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which, in any way impacts upon the handling and administration of the bankruptcy estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994, 12 B.C.D. 285 (3d Cir.1984) (citations omitted). To be sure, the injunctive relief sought would alter the debtor's freedom of action. But, as discussed above, it would not impact handling and administration of the estate. *Compare United Coal Co. v. Harper,* 29 B.R. 1019, 10 B.C.D. 1243 (W.D. Va.1983) *with In re Brentano's Inc.,* 10 B.C.D. 157, 27 B.R. 90 (Bankr.S.D.N.Y. 1983), *rem'd* 36 B.R. 90 (D.C.N.Y.1984). The court is thus without jurisdiction to hear the matter and to resolve the defenses asserted by the debtor.

### IV.

For these reasons, the motion to vacate is denied and the proceeding brought by Pan Am is remanded.

IT IS SO ORDERED.