In re Willie HERRON, Mary Francis Herron, Debtors.

**FEDERAL LAND BANK OF JACKSON MISSISSIPPI, Plaintiff,**

v.

Willie HERRON, Mary Francis Herron, Defendants.

**Bankruptcy No. 583–01047–M11. Adv. No. 585–0333.**

United States Bankruptcy Court, W.D. Louisiana, Monroe Division.

Jan. 14, 1986.

Lacey P. Wallace, Simon, Fitzgerald, Cooke, Reed & Welch, Shreveport, La., for Federal Land Bank—plaintiff.

Donald L. Kneipp, Grant & Dean, Monroe, La., for debtors-defendants.

## MEMORANDUM RULING

LeROY SMALLENBERGER, Bankruptcy Judge.

The Herrons filed for protection under Chapter 11 of the Bankruptcy Code on August 4, 1983. A Chapter 11 Plan of Reorganization was confirmed by order of this Court on August 1, 1984. An amendment to the Plan of Reorganization filed April 12, 1984 deals specifically with the claim of the Federal Land Bank. The amendment provided that the claim of the Federal Land Bank was to be amortised over a twenty year period from confirmation in equal annual installments. The first annual installment was due one year after confirmation. The Federal Land Bank alleges that the debtors are in breach of the Plan having failed to pay the annual installment.

The Federal Land Bank holds a first mortgage on three tracts of land owned by the debtors and 1,134 shares of Federal Land Bank Association of Rayville stock in pledge.

The Federal Land Bank filed a motion to abandon property or convert to a Chapter 7 on October 18, 1985. The parties agreed that the issue of whether or not the automatic stay of section 362 of the Bankruptcy Code had been terminated by Confirmation of the Plan should be decided before any other issues are addressed. Thus, our decision is concerned only with that particular aspect of the case.

Section 362(c) provides:

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under Chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

In addition, section 1141(d) provides:

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h) or 502(i) of this title, whether or not—

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan; and

(B) terminates all rights and interests of equity security holders and general partners provided for by the plan.

(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

(3) The confirmation of a plan does not discharge a debtor if—

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; and

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

(4) The court may approve a written waiver of discharge executed by the debtor after the order for relief under this chapter.

The jurisprudence is clear that pursuant to section 1141(b), the Confirmation of the Plan vests all property of the estate in the debtor. Additionally, Confirmation of a Plan discharges a debtor. 11 U.S.C. 1141(d). Consequently, since Confirmation of the Plan has the dual effect of revesting

the debtor with title to its property and discharging the debtor from all dischargable debts, there can be no further application of the automatic stay after confirmation. See, *In re Paradise Valley Country Club,* 31 B.R. 613 (D.Colo.1983), *In re Pan American School of Travel, Inc.,* 47 B.R. 242 (Bkrtcy.S.D.N.Y.1985). Once a plan is confirmed, the preconfirmation debt is "replaced" with a new indebtedness as provided in the confirmed plan. The new indebtedness is in essence a new and binding contract between the debtor and the creditors.[1] Upon confirmation the debtor is free to conduct business and, as a consequence, is similarly liable for post-confirmation obligations and conduct. Section 362 is not, however, automatically available to protect the post-confirmation debtor. *Paradise Valley,* supra *Pan American School of Travel, Inc.,* supra. True, this Court's section 105 powers may be a sufficient basis for reimposing the automatic stay, *In re Colin Hochstin Co.,* 41 B.R. 322 (Bkrtcy.S. D.N.Y.1984) but there has been no showing by the debtor that reimposition is necessary in this case.

Irving Ward-Steinman, Alexandria, La., for plaintiff-debtor.

Joseph S. Cage, Jr., Levin Harris, Paul E. Pelletier, for I.R.S., Dept. of Justice—defendant.

---

1. Although the Court retains jurisdiction, post-confirmation, this jurisdiction is not exclusive and jurisdiction and the existence of the stay of section 362 should not be confused. *In re R.C.E. Corporation,* 12 C.B.C.2d 305, 45 B.R. 700 (1985).