USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1265

 JONCO, LLC,

 Plaintiff, Appellant,

 v.

 ALI, INC., AND PROPERTY ASSET MANAGEMENT, INC.,

 Defendants, Appellees.

 
 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge]

 

 Before

 Boudin, Lynch and Lipez, Circuit Judges. 
 
 

 Americo M. Scungio on brief for appellant.
 Michael P. Duffy with whom Tobias M. Lederberg and
Peabody & Arnold were on brief for appellees.

October 13, 1998

 
 Per Curiam. In 1994 one Brian Gillson owned a property
in Middleton, Rhode Island, subject to a bank mortgage. At this
time, Gillson--who had earlier filed for chapter 11 bankruptcy--was
subject to a reorganization plan confirmed in 1992 by the U.S.
Bankruptcy Court for the District of Rhode Island. The order
confirming the plan provided that failure by Gillson to make
payments pursuant to the mortgage, note, or other loan documents
would trigger the default provisions in the documents, and the bank
"retained its rights and remedies" provided in those documents. 
The bankruptcy court also explicitly retained jurisdiction over the
proceedings.
 In September 1994, ALI, Inc., acquired the bank mortgage
and, when Gillson failed to make his mortgage payments, began
proceedings to foreclose on the mortgage. Gillson then brought an
action in Rhode Island state court seeking a delay, and in April
1995, a state court stayed the foreclosure for about a month on the
condition that Gillson execute a deed of his property in favor of
a subsidiary of ALI--the deed to be held in escrow and recorded
only if Gillson failed to sell the property by May 16, 1995.
 Gillson failed to sell the property and on May 17, 1995,
the deed for the mortgaged property in favor of ALI's subsidiary
was conveyed to the subsidiary and was recorded under Rhode Island
law. The subsidiary now held the title to the property subject to
the original mortgage. ALI held the mortgage, and Gillson had no
interest in the property, having transferred his interest to ALI's
subsidiary.
 Under the mortgage, ALI conducted a foreclosure sale of
the property in October 1995, and Jonco, LLC, was the highest
bidder. Jonco paid ALI a non-refundable deposit of $100,000 and
entered into a memorandum of sale providing for closing in 30 days,
specifically, on November 9, 1995. The memorandum provided that
time was of the essence. Thereafter, on October 26, 1995, the
bankruptcy court entered an order converting Gillson's
reorganization proceeding to one under chapter 7.
 On November 9, 1995, the day the closing was scheduled to
take place, Jonco sought a postponement, asserting that Gillson's
chapter 7 bankruptcy had triggered the automatic stay restricting
transfer of estate property. 11 U.S.C. 362(c). In seeking the
delay, Jonco may have been prompted by difficulties of its own in
obtaining financing, but its motive matters not. ALI responded by
pointing out that Gillson had no interest in the property after May
1995 and therefore any automatic stay was irrelevant.
 Jonco nevertheless declined to complete the sale and
thereafter, brought suit against ALI and its subsidiary, arguing
that ALI lacked marketable title on November 9, 1995. Jonco asked
either for a return of its deposit or for conveyance of the
property. ALI and its subsidiary moved for summary judgment, the
magistrate judge so recommended, and in January 1996 the district
court adopted the magistrate judge's findings and recommendations
in a two-sentence order dismissing Jonco's case.
 On this appeal, Jonco's only remotely serious argument is
that ALI lacked marketable title on November 9, 1995. Jonco says
that Gillson's transfer of his title to ALI's subsidiary in May
1995, pursuant to the state court proceeding that delayed the
foreclosure, was invalid because no one had obtained the prior
approval of the bankruptcy court, which had kept jurisdiction over
Gillson's chapter 11 reorganization. According to Jonco, Gillson
therefore retained his interest in the property despite the
recorded deed to the ALI subsidiary, and the property therefore
became subject to the automatic stay in October 1995.
 The bankruptcy court did retain jurisdiction after the
chapter 11 reorganization plan was confirmed in 1992 in order to
implement the plan and resolve specified open issues. But the plan
itself explicitly permitted the mortgage holder to pursue its
remedies for default if Gillson failed to make payment on the
mortgage; and nothing in the plan prevented the mortgagee from
utilizing state court proceedings, or required any further approval
by the bankruptcy court in the event of a default.
 Directly on point is In re Ernst, 45 B.R. 700 (Bankr. D.
Minn. 1985), relied upon by the magistrate judge. There, the court
observed:
 Unless the matter at issue is within the
 exclusive jurisdiction of the Bankruptcy
 Court, the mere reservation of jurisdiction in
 the case by the Bankruptcy Court post-
 confirmation does not foreclose the right of a
 party to seek his remedy upon default under
 the plan in a state court having jurisdiction
 over the subject matter of the dispute.

Id. at 702; see also In re Timber Tracts, Inc., 70 B.R. 773, 778
(Bankr. D. Mont. 1987). This is not a case in which the bankruptcy
court expressly sought to reserve exclusive jurisdiction over the
matter. Compare In re 12th & N Joint Venture, 63 B.R. 36 (Bankr.
D. D.C. 1986).
 Jonco's remaining arguments are without substance. 
Neither in the district court nor in this court has it shown that
there was any material fact precluding summary judgment or that
further discovery was likely to unearth pertinent evidence. And
while the district court was required to review the magistrate
judge's decision de novo, 28 U.S.C. 636(b)(1)(C), this did not--
contrary to Jonco's contention--compel the district court to make
separate findings of fact or issue an opinion setting forth its own
reasoning, see Elmendorf Grafica, Inc. v. D.S. America (East),
Inc., 48 F.3d 46, 49-50 (1st Cir. 1995).
 Affirmed.